**W. J. USERY, Jr., Secretary of Labor, Plaintiff,**

v.

**BETTENDORF COMMUNITY SCHOOL DISTRICT, Defendant.**

Civ. No. 76–6–D.

United States District Court,
S. D. Iowa,
Davenport Division.

Sept. 1, 1976.

William J. Kilberg, Sol. of Labor, T. A. Housh, Jr., Regional Sol., Washington, D. C., and Deborah E. Boody, Atty., for plaintiff.

William C. Davidson, Lane & Waterman, Davenport, Iowa, for defendant.

STUART, District Judge.

This matter is before the Court upon defendant's motion for summary judgment filed pursuant to Fed.R.Civ.P. 56. The original complaint in this matter sought injunctive relief to prevent defendant from alleged further violations of section 15(a)(2) of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Jurisdiction is premised upon 29 U.S.C. § 217. This motion is based upon defendant's interpretation of the Supreme Court's recent opinion in *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976). For the reasons expressed below the Court is of the opinion that defendant's motion should be denied.

■ The complaint is predicated upon alleged violations of section 15(a)(2) of the Fair Labor Standards Act of 1938 providing that it is unlawful to "violate any of the provisions of section 206 * * *". In particular, plaintiff alleges that since March 1, 1972 defendant has continually violated section 6(d) of the Equal Pay Act amendments to the FLSA. Defendant's motion is based on the Supreme Court's ruling in *National League of Cities, supra,*

that "insofar as the challenged amendments operate to directly displace the State's freedom to structure integral operations in areas of traditional governmental functions, they are not within the authority granted Congress by Art. I, § 8, cl. 3". *National League of Cities v. Usery, supra,* at 852, 96 S.Ct. at 2474.

The amendments referred to were sections 203(d), 203(s)(5) and 203(x) which extended the coverage of the FLSA to include "public agency" which in turn is defined as " * * * the government of a State or political subdivision thereof; * * * ". The Supreme Court expressly declined to express a view "as to whether different results might obtain if Congress seeks to affect integral operations of state governments by exercising authority granted it under other sections of the Constitution such as the Spending Power, Art. I, § 8, cl. 1, or § 5 of the Fourteenth Amendment". *National League of Cities, supra,* at 852 n. 17, 96 S.Ct. at 2474.

The Court's holding is further limited to the application of the Act's minimum wage and overtime provisions to "the areas of traditional governmental operation". That this is so is clear from the Court's delineation of its concern over increased costs, forced relinquishment of important governmental activities and displacement of state policies regarding the manner in which States were allowed to structure the delivery of required governmental services which were impermissibly and unduly hampered by Congressional interference through imposition of the minimum wage and overtime provisions. It is readily apparent that these same concerns about functions essential to the separate and independent existence of state government and fundamental employment decisions are not applicable to the minimal intrusion caused by imposition of the Equal Pay provisions. Discrimination in pay on the basis of sex is not an attribute of sovereignty within the contemplation of the Tenth Amendment which was the concern in *National League of Cities, supra.* This is the identical result reached on this same issue when it was

presented to the District Court for the Northern District of Iowa. See *Christensen v. State of Iowa*, 417 F.Supp. 423 (N.D. Iowa, 1976).

 *National League of Cities* certainly does not limit all exercise of Commerce Clause legislation against the states. This is clear from the Court's re-affirmation of *Fry v. United States* (1975), 421 U.S. 542, 95 S.Ct. 1792, 44 L.Ed.2d 363. Further, although the statutory scheme at issue in *National League of Cities* and the one at issue here are both based on Congressional power derived from the Commerce Clause, Congressional intent under the Equal Pay Act was to bar discrimination on the basis of sex. Aside from viewing this as a minimal intrusion of the states freedom to structure integral operations, this Court is of the opinion that it is appropriate to apply the principles growing out of the cases arising under Title VII of the Civil Rights Act (42 U.S.C. § 2000e) to Equal Pay Act cases. *Hodgson v. Corning Glass Works* (W.D. N.Y., 1971), 330 F.Supp. 46, 49. The provisions of the two acts should be read together "since both statutes serve the same fundamental purpose". *Shultz v. Wheaton Glass Co.* (3d Cir., 1968), 421 F.2d 259, 266, cert. denied, 398 U.S. 905, 90 S.Ct. 1696, 26 L.Ed.2d 64 (1970). See also, *Orr v. Mac-Neill & Son, Inc.* (5th Cir., 1975), 511 F.2d 166; *Ammons v. Zia Co.* (10th Cir., 1971), 448 F.2d 117; *Hodgson v. Brookhaven General Hospital* (5th Cir., 1970), 436 F.2d 719. That Title VII can still be validly applied to State governments and their political subdivisions remains a viable proposition. See *Fitzpatrick v. Bitzer* (1976), 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614. Being of the opinion that the Supreme Court did not contemplate the expansive interpretation urged by the defendant herein, and finding no justification for prohibiting the application of the Equal Pay Act provisions to the defendant herein, the Court believes that defendant's motion should be denied.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment should be, and the same is hereby denied.