EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff,

v.

WILSON AND COMPANY,
INC., Defendant,

and

Amalgamated Meat Cutters and Butcher
Workmen of North America, AFL-CIO,
Local Union No. P-1200, Defendants
Under Rule 19(a).

No. CIV-76-0422-T.

United States District Court,
W. D. Oklahoma.

Feb. 2, 1978.

Abner W. Sibal, Gen. Counsel and Wm. L. Robinson, Associate Gen. Counsel, EEOC, Washington, D. C., and George H. Darden, Asst. Gen. Counsel, Washington, D. C., Wm. H. Lewis, Supervisory Trial Atty., Nancy Alden Bragg, Senior Trial Atty., Wilhemena L. Mitchell, Trial Atty., EEOC, Denver Regional, Colo., for plaintiff.

Edward B. Cloutman, III of Mullinax, Wells, Mauzy & Baab, Inc., Dallas, Tex., for Amalgamated Meat Cutters & Butcher Workmen.

Terry W. Tippens of Fellers, Snider, Blankenship & Bailey, Oklahoma City, Okl., for Wilson & Co.

## ORDER

RALPH G. THOMPSON, District Judge.

This case comes before the Court on motions filed herein by the defendant company and defendant union. The company moves for summary judgment based on the doctrine of laches asserting that prejudice has resulted from the delay of the EEOC in bringing this action. The company also seeks dismissal of this action, asserting that the Court lacks subject matter jurisdiction for the failure of the EEOC to fulfill the statutory conditions precedent to the proper filing of this suit. The union seeks dismissal, asserting that the EEOC has an obliga-

tion to conciliate prior to the filing of an action and that no conciliation has ever taken place between the EEOC and defendant union. The Court finds the issues addressed to subject matter jurisdiction to be dispositive, therefore, those issues will be treated first.

This action is brought pursuant to 42 U.S.C. § 2000e, et seq., commonly referred to as Title VII of the Civil Rights Act of 1964, as amended. The EEOC claims that the defendant company is guilty of discriminatory employment practices and the defendant union is also guilty of such practices through its being a party to collective bargaining agreements which call for such practices.

As originally enacted, Title VII limited the EEOC's function to investigation of employment discrimination charges and informal methods of conciliation and persuasion. Civil Rights Act of 1964 § 706(a), 78 Stat. 253 (1964). In the Equal Employment Opportunity Act of 1972 (Pub.L.No.92–261, 86 Stat. 103 (1972)), Congress amended Title VII establishing an integrated, multi-step enforcement procedure granting the EEOC authority to ultimately file a civil action in a federal court. The Congressional intent that the EEOC should primarily attempt to eradicate discrimination in employment through conciliation was not changed, however, and the Act expressly conditions the EEOC's power to bring suit on its inability to "secure from the respondent a conciliation agreement acceptable to the Commission". 42 U.S.C. § 2000e–5(f)(1). The Commission, in adopting regulations, has recognized the importance of the conciliation stage of proceedings. 29 C.F.R. § 1601.22 provides that the Commission *shall* attempt to achieve a just resolution and obtain assurances that the respondent will eliminate the unlawful employment practice. The following section provides:

Should a respondent fail or refuse to confer with the Commission or its representative, or fail or refuse to make a good faith effort to resolve any dispute, the Commission may terminate its efforts to conciliate the dispute. In such event, the respondent *shall* be notified promptly, in writing, that such efforts have been unsuccessful and will not be resumed except upon the respondent's written request within the time specified in such notice. [Emphasis supplied]

In this case, efforts at conciliation were undertaken between the EEOC and Wilson. A conciliation agreement was proposed by the EEOC in April of 1974. Discussions followed and Wilson submitted a counter-proposal in September of 1974. Additional discussions took place and on December 10, 1974, the EEOC wrote to Wilson setting forth certain areas of concern and commenting:

These are just some of the problems which come immediately to the fore. There are others, but we are looking forward to discussing these with you.

On January 8, 1975, the EEOC set a letter to Wilson which in the Court's opinion constitutes the notice called for in 29 C.F.R. § 1601.23. The letter referred to claims numbered YAL4–242, 490, 265, 276, 143, 142 and 112. The letter read:

This is to notify you that we have determined that conciliation efforts have failed.

The Commission has therefore decided to terminate its efforts to conciliate and said efforts will not be resumed unless you specifically request resumption, in writing, within five (5) days of receipt of this letter.

On January 14, 1975, Wilson sent a telegram to the EEOC requesting resumption of conciliation efforts and stating that it was willing and desirous to further discuss relief for the affected classes, "including the affected female class". The telegram suggested that persons representing both the EEOC and Wilson meet during the week of January 20, 1975, "at such time and place as the director may deem appropriate".

On January 17, 1975, Tom Robles, District Director of the EEOC, wrote to Wilson stating:

After checking our files and consulting with our Conciliations Unit, I have deter-

mined that more than ample opportunity has been given your company over a long period of time for conciliation purposes. We are therefore rejecting your request for resumption of conciliation efforts, and will forward all files to the EEOC Litigation Center for possible litigation.

This lawsuit was filed on May 20, 1976.

Wilson asserts that the EEOC improperly refused to reopen conciliation discussions. Wilson argues that when a request is sent, in writing, within five days as state in the notice, the EEOC is bound by 29 C.F.R. § 1601.23 to reopen conciliation. Wilson further argues that if request is given and conciliation is not reopened, the jurisdictional prerequisites to the EEOC's right to file, the suit in federal district court have not been met.

The EEOC argues that although its regulations require it to give notice of its termination of efforts to conciliate the dispute, stating that such efforts will not be resumed except upon respondent's written request within a time specified, it is not required to resume conciliation efforts each time a respondent makes such written request. It is suggested that if the EEOC is required to resume conciliation efforts each time such request is made, a recalcitrant employer could consistently refuse to conciliate, wait for the section 1601.23 notice, respond within the time period specified and perpetuate indefinitely the final conclusion of conciliation and thereby prevent the EEOC from ever filing a lawsuit.

■ This hypothetical situation need not be solved in order to arrive at a just solution in this case. The telegram of January 14, 1975, establishes a change of position on the part of Wilson. As long as this is happening, further conciliation is in order. In this case, the conference and conciliation should have been reopened upon Wilson's timely request.

■ Regulation 1601.23 confers an important procedural right upon a defendant in a discrimination case. *Equal Employment Opportunity Commission v. Firestone Tire and Rubber Co.*, 366 F.Supp. 273, 276 (D.Md.1973). This notice allows the defendant one last chance to alter its position and conciliate before facing litigation. *Equal Employment Opportunity Commission v. Western Electric Co., Inc.*, 382 F.Supp. 787 (D.Md.1974) and *Equal Employment Opportunity Commission v. United States Pipe and Foundry Co.*, 375 F.Supp. 237 (N.D.Ala. 1974). The Court agrees with the approach taken to this by the Eighth Circuit in *Equal Employment Opportunity Commission v. Hickey-Mitchell Co.*, 507 F.2d 944 (8th Cir. 1974) where the Court stated, at 948:

[T]he regulation affords even the most uncooperative and recalcitrant respondent "the right to be told that it has one last chance to attempt conciliation." In view of the central role of conciliation in the scheme of Title VII we cannot say the regulation is merely "technical." This is an area where animosities run high and negotiations may be difficult to initiate. The regulation reflects formal recognition by the Commission of the need to keep the doors of communication open . . . [Footnotes omitted]

This case must be dismissed for another reason. The defendant union was never given an opportunity to conciliate. Judge Butzner's comments in *Patterson v. American Tobacco Co.*, 535 F.2d 257 (4th Cir. 1976) at 271–272 are directly applicable here.

The Act requires, however, that after receiving a charge and before bringing a suit the Commission must take four steps: serve the charge on the employer and labor organization, investigate the charge, determine that reasonable cause exists to believe the charge is true, endeavor to eliminate alleged unlawful employment practices "by informal methods of conference, conciliation, and persuasion." The 1972 amendments to Title VII empowered the Commission to sue if it is unable to secure an acceptable conciliation agreement. This provision of the Act has been construed to create an express condition on the commission's power to sue. Consequently, a suit brought by the commission before attempting conciliation is premature. *EEOC v. Hickey-*

*Mitchell Co.,* 507 F.2d 944, 947–948 (8th Cir. 1974); *EEOC v. E. I. DuPont deNemours & Co.,* 373 F.Supp. 1321, 1333–34 (D.Del.1974); *EEOC v. Westvaco Corp.,* 372 F.Supp. 985, 991–93 (D.Md.1974).

We recently emphasized that the commission's statutory duty to attempt conciliation is among its most essential functions. It is particularly important for the commission to attempt conciliation with a union when investigation discloses that provisions of a bargaining agreement concerning seniority and job assignments are causing the alleged unfair employment practices. Then the employees who enjoy majority status are frequently more directly affected than their employer by changes that will advance minority employees. In such cases, the success of conciliation often hinges on the union's response. [Footnotes omitted]

The Court concludes that this case should be dismissed and the commission, union and employer should make a sincere attempt to resolve the controversy through conference and conciliation. Conciliation which has already taken place with the employer is not sufficient as to the union. See *Equal Employment Opportunity Commission v. United States Pipe and Foundry Co.,* supra. The Court lacks subject matter jurisdiction in this case. For the reason that the Court lacks subject matter jurisdiction in this case and it must therefore be dismissed, it is unnecessary to discuss or decide the issues raised by defendant with regard to laches or the application of the Administrative Procedure Act. This case is dismissed.

It is so ordered this 2nd day of February, 1978.