**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**HOME OF ECONOMY, INC., Defendant.**

**No. A2–81–167.**

United States District Court,
D. North Dakota,
Northeastern Division.

May 20, 1982.

**508**

Constance L. Dupre, Acting Gen. Counsel, James N. Finney, Assoc. Gen. Counsel, E. E. O. C., Washington, D. C., George H. Darden, Reg. Atty. Philip M. Jones, Sup. Trial Atty., Edwin L. Davis, Trial Atty., Glenn F. Younger, Trial Atty., E. E. O. C., Denver, Colo., for plaintiff.

Robert A. Feder, Pancratz, Kruger, Wold, Yuill & Johnson, Fargo, N. D., Garry A. Pearson, Pearson & Christensen, Grand Forks, N. D., for defendant.

1. Section 215(a)(2) provides as follows:
   (a) After the expiration of one hundred and twenty days from June 25, 1938, it shall be unlawful for any person—
   . . . .

## MEMORANDUM AND ORDER

BENSON, Chief Judge.

Presently before the court is defendant Home of Economy, Inc.'s motion to dismiss plaintiff Equal Employment Opportunity Commission's (EEOC) cause of action pursuant to Fed.R.Civ.P. 12 or, in the alternative, Fed.R.Civ.P. 56. On October 29, 1981, the EEOC filed suit against Home of Economy alleging defendant has willfully violated sections 6(d)(1) and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 206(d)(1) and 215(a)(2) continuously since at least June 11, 1964. Section 206(d)(1) is the Equal Pay Act of 1963, which provides as follows:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex; *Provided,* That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this subsection, reduce the wage rate of any employee.

29 U.S.C. § 206(d)(1).

Section 215(a)(2) provides that a violation of the Equal Pay Act is unlawful.[1]

> (2) to violate any of the provisions of section 206 or section 207 of this title, or any of the provisions of any regulation or order of the Administrator issued under section 214 of this title;
> 29 U.S.C. § 215(a)(2).

The EEOC seeks a permanent injunction pursuant to section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 217, enjoining defendant from discriminating between employees on the basis of sex by paying wages to employees at rates less than the rates at which it pays wages to employees of the opposite sex for equal work on jobs, the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions.

The EEOC also seeks judgment requiring defendant to pay back wages as unpaid minimum wages and an equal amount as liquidated damages or prejudgment interest to persons adversely affected by the alleged unlawful discrimination. See section 16(c) of the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. § 216(c). Exhibit A, attached to the complaint, lists 33 party plaintiffs for purposes of 29 U.S.C. § 216(c). Additionally, the EEOC seeks back wages, with interest, to make whole persons adversely affected by the alleged unlawful discrimination of defendant. Enforcement of the Equal Pay Act was transferred from the Department of Labor to the EEOC on July 1, 1979. See discussion *infra.*

Defendant denies these allegations and seeks dismissal. This court has jurisdiction under 28 U.S.C. § 1345.

Defendant's motion to dismiss is premised on two theories. First, defendant contends this suit should be dismissed under the equitable doctrine of laches because the EEOC has unreasonably delayed in bringing suit, thus unduly prejudicing defendant. Second, defendant submits the EEOC failed to make any attempt to conciliate with defendant as mandated by Congress. The EEOC opposes the motion to dismiss, taking the position that defendant's theories are not applicable to this case because it was filed under the Equal Pay Act rather than Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* A hearing was held on the motion to dismiss. For the reasons discussed below, the court holds the EEOC's complaint and cause of action is

dismissed without prejudice for failure to conciliate.[2]

## THE EQUAL PAY ACT AND TITLE VII

Title VII was enacted by Congress in 1964 (one year after the enactment of the Equal Pay Act) to assure equality of employment opportunities by eliminating those practices and devices that discriminate on the basis of race, color, religion, sex or national origin. *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 44, 94 S.Ct. 1011, 1017, 39 L.Ed.2d 147 (1974) citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 800, 93 S.Ct. 1817, 1823, 36 L.Ed.2d 668 (1973); *Griggs v. Duke Power Co.,* 401 U.S. 424, 429–30, 91 S.Ct. 849, 852–53, 28 L.Ed.2d 158 (1971). "Cooperation and voluntary compliance were selected as the preferred means for achieving this goal." *Alexander v. Gardner-Denver Co., supra* at 44, 94 S.Ct. at 1017. To this end, Congress created the Equal Employment Opportunity Commission and established a procedure for dispute settlement through "informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e–5(b). The EEOC then promulgated regulations to implement this mandate. See 29 C.F.R. §§ 1601.24–1601.26 (1981).

In 1972, Congress amended Title VII to provide the Commission with further authority, including the authority to institute civil actions against employers. See Equal Employment Opportunity Act of 1972, Pub.L. 92–261, 82 Stat. 103. Congress preserved the EEOC's administrative functions, however. "[T]he EEOC does not function simply as a vehicle for conducting litigation on behalf of private parties; it is a federal administrative agency charged with the responsibility of investigating claims of employment discrimination and settling disputes, if possible, in an informal, non-coercive fashion." *Occidental Life Ins. Co. v. EEOC,* 432 U.S. 355, 368, 97 S.Ct. 2447, 2455, 53 L.Ed.2d 402 (1977). The preferred role of the EEOC is that of conciliator rather than litigant. *See generally*

---

**2.** The court, therefore, does not reach defendant's laches argument.

*EEOC v. Klingler Elec. Corp.*, 636 F.2d 104, 107 (5th Cir. 1981) (per curiam); *Johnson v. Nekoosa-Edwards Paper Co.*, 558 F.2d 841, 847 (8th Cir.), *cert. denied*, 434 U.S. 920, 98 S.Ct. 394, 54 L.Ed.2d 276 (1977) (conciliation an integral part of Title VII for a variety of policy reasons including giving defendant notice and avoidance of expensive and time-consuming court actions); *EEOC v. Hickey-Mitchell Co.*, 507 F.2d 944 (8th Cir. 1974); *EEOC v. Sears, Roebuck & Co.*, 490 F.Supp. 1245, 1254–58 (M.D.Ala.1980); *EEOC v. Sherwood Medical Ind.*, 452 F.Supp. 678, 683 (M.D.Fla.1978); *EEOC v. Wilson & Co., Inc.*, 452 F.Supp. 202, 203 (W.D.Okl.1978); *EEOC v. Westvaco Corp.*, 372 F.Supp. 985, 992 (D.Md.1974).

The Equal Pay Act was enacted by Congress in 1963 "to remedy what was perceived to be a serious and endemic problem of employment discrimination in private industry—the fact that the wage structure of 'many segments of American industry has been based on an ancient but outmoded belief that a man, because of his role in society, should be paid more than a woman even though his duties are the same.'" *Corning Glass Works v. Brennan*, 417 U.S. 188, 195, 94 S.Ct. 2223, 2228, 41 L.Ed.2d 1 (1974) (citation omitted). The Equal Pay Act added to § 6 of the Fair Labor Standards Act of 1938 the principle of equal pay for equal work regardless of sex. *Id.* at 191, 94 S.Ct. at 2226. The effective date of the Act was June 11, 1964. *Id.* at 192, 94 S.Ct. at 2226.

In contrast with Title VII, the Secretary of Labor could file suit to enforce the provisions of the Equal Pay Act from the date the Act became effective. Further, under the Equal Pay Act, the litigant is not required to follow administrative complaints or await administrative conciliation before filing suit. *See County of Washington v. Gunther*, 452 U.S. 161, 175 n.14, 101 S.Ct. 2242, 2250 n.14, 68 L.Ed.2d 751 (1981). The Equal Pay Act contains no express conciliation requirement. Its scope is very narrow in comparison with that of Title VII. Despite these procedural differences, the two statutes have often been construed *in pari materia.*

When "interpreting a statute, the court will not look merely to a particular clause in which general words may be used, but will take in connection with it the whole statute (or statutes on the same subject) and the objects and policy of the law, as indicated by its various provisions, and give to it such a construction as will carry into execution the will of the Legislature."

*Kokoszka v. Belford*, 417 U.S. 642, 650, 94 S.Ct. 2431, 2436, 41 L.Ed.2d 374 (1974) quoting *Brown v. Duchesne*, 19 How. 183, 194, 60 U.S. 183, 15 L.Ed. 595 (1857).

With reference to the Equal Pay Act and Title VII, the Third Circuit has stated that because "both statutes serve the same fundamental purpose against discrimination based on sex, the Equal Pay Act may not be construed in a manner which ... would undermine the Civil Rights Act." *Schultz v. Wheaton Glass Co.*, 421 F.2d 259, 266 (3d Cir.), *cert. denied*, 398 U.S. 905, 90 S.Ct. 1696, 26 L.Ed.2d 64 (1970). *Accord Usery v. Bettendorf Community School Dist.*, 423 F.Supp. 637, 639 (S.D.Iowa 1976). Requiring the EEOC to conciliate sex discrimination cases filed under the Equal Pay Act fulfills the legislative intent that the EEOC act as conciliator before it acts as litigator.

## TRANSFER OF FUNCTIONS

In 1978, then President Jimmy Carter issued Reorganization Plan No. 1. See 7 U.S.Code Cong. & Admin.News 9795–802 (1978). The plan shifted responsibility for enforcing the Equal Pay Act from the Labor Department to the EEOC effective July 1, 1979. *Id.* at 9796–97. The plan was formulated to lay "the foundation [for] a unified, coherent Federal structure to combat job discrimination in all its forms." *Id.* at 9795. Among other things, the plan was instituted to eliminate inconsistent standards of compliance, *id.* at 9796, and avoid fragmentation and haphazard enforcement. *Id.* at 9795. President Carter recognized that Title VII is broader than the Equal Pay Act and further stated "[t]he transfer of Equal Pay responsibility from the Labor Department to the EEOC will minimize

overlap and centralize enforcement of statutory prohibitions against sex discrimination in employment." *Id.* at 9797. Section 1 of Reorganization Plan No. 1 states as follows:

Section 1. Transfer of Equal Pay Enforcement Functions.

All functions related to enforcing or administering Section 6(d) of the Fair Labor Standards Act, as amended, (29 U.S.C. 206(d)) are hereby transferred to the Equal Employment Opportunity Commission. Such functions include, *but shall not be limited to,* the functions relating to equal pay administration and enforcement now vested in the Secretary of Labor, the Administrator of the Wage and Hour Division of the Department of Labor, and the Civil Service Commission pursuant to Sections 4(d)(1); 4(f); 9; 11(a), (b) and (c); 16(b) and (c) and 17 of the Fair Labor Standards Act, as amended, (29 U.S.C. 204(d)(1); 204(f); 209; 211(a), (b) and (c); 216(b) and (c) and 217) and Section 10(b)(1) of the Portal-to-Portal Act of 1947, as amended, (29 U.S.C. 259).

*See* 7 U.S.Code Cong. & Admin.News 9799 (1978) (emphasis added).

█ In view of the purposes of the transfer of functions from the Labor Department to the EEOC, it seems logical that when the EEOC is handling a transferred sex discrimination complaint, it should adhere to the same regulations it must follow when handling a Title VII sex discrimination complaint. At a minimum, this requires the EEOC to pursue in good faith, informal methods of conference, conciliation and persuasion. Now that the EEOC has Equal Pay Act enforcement powers, it should not be allowed to use the Equal Pay Act as a device to circumvent these minimal requirements.

## CONCILIATION REQUIREMENTS

█ The EEOC contends, in any event, that it has conciliated with defendant. The record does not support the EEOC's position. In evaluating whether the EEOC has adequately fulfilled the conciliation requirement, "the fundamental question is the reasonableness and responsiveness of the EEOC's conduct under all the circumstances." *EEOC v. Klingler Elec. Corp., supra* at 107. The EEOC's duty to attempt conciliation is fulfilled if it 1) outlines to the employer the reasonable cause for its belief that the employer is in violation of the Act, 2) offers an opportunity for voluntary compliance, and 3) responds in a reasonable and flexible manner to the reasonable attitude of the employer. *Id.* Based on the facts presented to this court, the court finds the EEOC has been unreasonable, nonresponsive and inflexible in handling this case. Although defendant has made numerous reasonable offers to negotiate a settlement, there is no evidence on the record of any attempt on the part of the EEOC to conciliate this case. *See* correspondence attached to the EEOC's brief in opposition to the motion to dismiss.

The position of the EEOC appears to be that once the employer has been informed of its determination that the employer is in violation of the law, its duty to conciliate is fulfilled. The employer is then faced with the Hobson's choice of complying with the EEOC's unilateral demands for restitution and other relief or defending a lawsuit. This is graphically demonstrated in several letters sent by the EEOC to the defendant. *E.g.,* by letter dated June 19, 1980, the EEOC notified defendant that its investigation revealed noncompliance with the Equal Pay Act. The EEOC further stated:

The firm has until Monday, June 30, 1980, to agree to pay all back wages and come into compliance with the Act. If the firm agrees to comply they will have until July 31, 1980, to pay all back wages and raise all applicable rates of pay to the levels shown on the enclosed sheets.

If I have not received a reply by June 30, 1980 the case files will be sent to the Regional Attorney's Office with my recommendation for litigation.

The case was then turned over to an EEOC attorney who conducted further investigation but remained inflexible regarding conciliation. In an undated letter postmarked June 24, 1981, he stated "[i]f you are willing to make a good faith offer of settlement, I invite you to do so, as this case is now being recommended for suit." At no time was

any settlement offer made by the EEOC. The "all or nothing" approach of the EEOC in this case flies in the face of the intent of sex discrimination legislation. *See EEOC v. Pet, Inc., Funsten Nut Division*, 612 F.2d 1001, 1002 (5th Cir. 1980) (per curiam).

The EEOC suggests dismissal of this case is too drastic and a stay while the parties attempt settlement is appropriate. *Cf.* 42 U.S.C. § 2000e–5(f)(1) ("Upon request, the court may, in its discretion, stay further proceedings for not more than sixty days pending ... further efforts of the Commission to obtain voluntary compliance."). The court is of the opinion, however, that a total failure to conciliate cannot be cured by a stay. *See EEOC v. Sears, Roebuck & Co., supra* at 1258. Dismissal without prejudice is the proper sanction under these circumstances.

IT IS ORDERED defendant's motion to dismiss is granted, without prejudice, for failure to attempt conciliation of the claim sued upon.