**Joan ALLEN, Plaintiff,**

v.

**LINCOLN ST. LOUIS, Defendant.**

No. 84–1116C(6).

United States District Court, E.D. Missouri, E.D.

Feb. 19, 1986.

Barbara J. Gilchrist, Clayton, Mo., for plaintiff.

D. Michael Linihan, Thomas G. Bearden, St. Louis, Mo., for defendant.

**ORDER AND MEMORANDUM**

GUNN, District Judge.

IT IS HEREBY ORDERED that defendant's motion for partial summary judgment be and is granted in part and denied in part as follows: the allegations contained in Count I, paragraphs 9, 13(d) and 13(e) shall be dismissed as not falling within the scope of plaintiff's timely charge to the Equal Employment Opportunity Commission (EEOC). Count II shall remain before the Court in its entirety.

Plaintiff filed her complaint in this action in May 1984 alleging that defendant discriminated against her on the basis of sex.

Plaintiff's complaint consists of three counts seeking relief under Title VII and the Equal Pay Act as well as damages under state law for slander per se. In brief, plaintiff alleges that defendant paid her less than male employees performing the same work as she; that defendant transferred her to a dead-end position while transferring similarly situated males to positions advantageous to future career development; and that defendant laid her off and failed to recall her on the basis of her sex. Plaintiff's allegations of slander have no bearing on the motion now before the Court.

Defendant has moved the Court to grant partial summary judgment on those counts of plaintiff's complaint that turn on allegations of discrimination in lay-off and failure to recall and on wage differentials between plaintiff and similarly situated males in the time period October 1981 to November 1982. Defendant argues that since these allegations were not included within plaintiff's EEOC charge this Court is without jurisdiction to adjudicate them at this time.

■ The filing of an administrative charge of discrimination with the EEOC is a jurisdictional prerequisite to a suit in a United States District Court under Title VII. 42 U.S.C.A. § 2000e–5 (1985); see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Shea v. City of St. Paul, 601 F.2d 345 (8th Cir.1979). The EEOC charge "triggers the investigatory and conciliatory procedures of the EEOC," Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir.1970), and provides the agency in the first instance with an opportunity to mediate disputes and achieve voluntary compliance with the statutory mandate. Id. Resort to judicial proceedings must await action or notice of non-action by the EEOC and, in view of the purpose of this prerequisite as providing an opportunity for conciliation efforts in advance of litigation, any judicial proceedings that do ensue must be limited in scope to those matters dealt with by the EEOC investigation—in short, those allegations actually contained in the EEOC charge or "... any kind of discrimination like or related to allegations contained in the charge." Id.

In seeking to delimit the appropriate scope of judicial proceedings, courts have rejected arguments that mere technical insufficiencies should bar subsequent judicial action, see Sanchez, supra (designation of discrimination as sex-based on EEOC charge does not preclude review for race discrimination where facts alleged in charge provided notice to the EEOC of the unlawful employment practice), in favor of a "reasonably related" approach that permits litigation of any matters related to or developing from the specific acts charged before the EEOC, see Equal Employment Opportunity Commission v. Home of Economy, Inc., 539 F.Supp. 507 (D.N.Dak. 1982). In evaluating whether conduct is "reasonably related," courts have focused on whether the charge provided adequate notice to ensure the EEOC the opportunity to investigate and make conciliation efforts. Sanchez, supra; Shannon v. Western Electric Co., 315 F.Supp. 1374 (W.D. Mo.1969).

■ This Court holds that in the instant case plaintiff's general allegations in her EEOC charge of discriminatory treatment did not give the EEOC notice of discharge and failure to recall so as to satisfy this standard. Although plaintiff's lay-off may have been the culmination of the discrimination investigated by the EEOC, it is not adequately "similar to or reasonably related to allegations made in the charge," Plummer v. Chicago Journeyman Plumbers, Etc., 452 F.Supp. 1127, 1141 (N.D.Ill. 1978), to be properly before this Court on the basis of that charge.

■ This Court reaches a contrary conclusion with regard to plaintiff's wage discrimination claims. Plaintiff charged that she was not given equal pay for equal work. This Court finds that this would give the EEOC adequate notice to conduct a full investigation of relative pay scales throughout the duration of plaintiff's employ.

---

Accordingly, Paragraphs 9, 13(e) and 13(e) of Count I of plaintiff's complaint shall be stricken, and plaintiff shall proceed on that count on a theory of discrimination in terms and conditions of employment alone.