2003 SD 127

Kelly O'BRIEN, Diann L. Delaney, Teresa A. Rostad, Sally Anne Rall, Jo–Ann S. Elseman, Nancy Stephenson, Ann E. Krutzfeldt–Murano, Nicole Ducheneaux, Sharon D. Eckholm, Angela Burton, Joan E. Hoffman, and Karen Mechaley, Plaintiffs and Appellants,

v.

WESTERN DAKOTA TECHNICAL INSTITUTE and Rapid City Area School District 51/4, Defendants and Appellees.

No. 22714.

Supreme Court of South Dakota.

Argued Aug. 26, 2003.

Decided Oct. 15, 2003.

Rehearing Denied Nov. 19, 2003.

---

Veronica L. Duffy, Patrick K. Duffy, Attorneys for plaintiffs and appellants.

Karla L. Engle, Thomas H. Harmon of Tieszen Law Office, Pierre, South Dakota, Attorneys for defendants and appellees.

GILBERTSON, Chief Justice.

[¶ 1.] Twelve female teachers (Teachers) at Western Dakota Technical Institute (WDTI) brought a claim against WDTI and the Rapid City Area School District (School District) under the Equal Pay Act (EPA) and the Equal Protection Clause of the Fourteenth Amendment. The Teachers brought the claims pursuant to an appeal per SDCL ch 13–46 and, in the alternative, as a direct action in circuit court. The Teachers allege that they had been discriminated against on the basis of their sex when they received lower wages than male employees. The School District moved for dismissal under SDCL 15–6–12(b)(5), which the circuit court granted. The Teachers appeal and we reverse and remand.

## FACTS AND PROCEDURE

[¶ 2.] WDTI is a technical college located in Pennington County, South Dakota. The School District is responsible for the final-decision making authority as to the compensation paid to WDTI employees. In the Spring of 2000, a female teacher at WDTI, Plaintiff Kelly O'Brien (O'Brien), met with WDTI Director Dr. Kenneth Gifford (Gifford) to discuss her concerns, as well as concerns that other female teachers had, about the compensation they were receiving as compared to male employees at the school. O'Brien informed Gifford that she wished to file a grievance. However, O'Brien alleges she was told by Dr. Jim Utesch, Administrative Services Coordinator at WDTI, that WDTI did not have a grievance procedure and that she should just follow the "chain of command."

Therefore, O'Brien sent a letter to Gifford which outlined her concerns.

[¶ 3.] Soon thereafter, WDTI conducted a wage study. The consultant hired by the school evaluated the compensation paid to 57 employees at WDTI. Other similar institutions, as well as job descriptions, experience, education and years in service of the various employees were compared. The final conclusions of the consultant were that 26 out of the 57 employees at WDTI were being underpaid, with women comprising 15 out of the 26 underpaid employees.

[¶ 4.] O'Brien then met with Dr. Peter Wharton, Superintendent of the School District, to address the results of the wage survey. O'Brien alleges that Wharton informed her that the Teachers' collective bargaining unit at WDTI, the "WDTI Teacher's Association" could negotiate for changes in compensation. Therefore, the Teacher's Association made a proposal to WDTI, which was rejected. Instead, a three-percent across the board pay increase was imposed for all qualifying employees.

[¶ 5.] After O'Brien was allegedly informed that she had exhausted her administrative remedies, the Teachers filed a Complaint in circuit court. They asserted claims under the EPA, and the Equal Protection Clause of the Fourteenth Amendment. The claims were brought as a direct action in circuit court and, in the alternative, as an appeal pursuant to SDCL ch 13–46. The record indicates that the summons and complaint were personally served upon a member of the Rapid City School District on October 1, 2002, and on the Interim Director of Western Dakota Technical Institute on October 3, 2002.

[¶ 6.] The School District filed motions to dismiss for failure to state a claim, arguing that the Teachers were required to and did not exhaust their administrative remedies before filing under the EPA; the Teachers were required to personally serve their notice of appeal per SDCL ch 13–46 upon at least one member of the School Board prior to filing an appeal under SDCL ch 13–46; and the Teachers were required to and failed to exhaust administrative remedies prior to filing an appeal under SDCL ch 13–46. The trial court granted the School District's Motions to Dismiss on these grounds. The Teachers appeal the trial court's ruling. They raise three issues for our review:

1. Whether the Teachers were required to exhaust their administrative remedies before filing under the Equal Pay Act.

2. Whether the Teachers were required to personally serve at least one member of the School Board.

3. Whether the Teachers were required to exhaust their administrative remedies before filing an appeal under SDCL ch 13–46.

STANDARD OF REVIEW

[¶ 7.] Pursuant to SDCL 15–6–12(b)(5), the trial court dismissed the Teachers' claims because it found that the Teachers failed to state a claim upon which relief can be granted. It is well settled that [a] motion to dismiss under Rule 12(b)(5) tests the law of a plaintiff's claim, not the facts which support it. *Barnaud v. Belle Fourche Irrigation Dist.*, 2000 SD 57, ¶ 18, 609 N.W.2d 779, 783 (quoting *Thompson v. Summers*, 1997 SD 103, 5, 567 N.W.2d 387, 390 (citing *Stumes v. Bloomberg*, 1996 SD 93, ¶ 6, 551 N.W.2d 590, 592; *Schlosser v. Norwest Bank South Dakota*, 506 N.W.2d 416, 418 (S.D. 1993))). Accordingly, this appeal focuses on the proper law to apply and therefore, our review is de novo. *Barnaud*, 2000 SD 57, ¶ 18, 609 N.W.2d at 784.

## ANALYSIS AND DECISION

**[¶ 8.] 1. Whether the Teachers were required to exhaust their administrative remedies before filing under the Equal Pay Act.**

■ [¶ 9.] The trial court dismissed the Teachers' Equal Pay claims, finding that they must exhaust their administrative remedies before filing an action in circuit court. The trial court found that the Teachers were required to file a charge of discrimination with the Division of Human Rights pursuant to the South Dakota Human Rights Act, SDCL ch 20–13. The Teachers assert that according to federal law, there is no exhaustion requirement before an Equal Pay claim may be filed in state court.

[¶ 10.] The EPA, which was enacted in 1963, prohibits discrimination on the basis of sex. Specifically, 29 USC § 206(d) provides:

> No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex: *Provided,* That an employer who is paying a wage rate differential in violation of this subsection shall not, in order to comply with the provisions of this

subsection, reduce the wage rate of any employee.

[¶ 11.] Whether a claimant must exhaust administrative remedies before filing a claim under the EPA is a question of first impression for this Court. Teachers rely on *County of Washington v. Gunther,* 452 U.S. 161, 101 S.Ct. 2242, 68 L.Ed.2d 751 (1981) for the proposition that although Title VII of the Civil Rights Act of 1964 requires administrative exhaustion, the Equal Pay Act does not. In *Gunther,* the plaintiffs, who were female guards in a county jail, filed suit under Title VII. *Id.* at 164, 101 S.Ct. at 2245. In helpful dictum in this decision, the Court discussed the differences between the Equal Pay Act and Title VII:

> [T]he procedural characteristics of the Equal Pay Act also remain significant. For example, the statute of limitations for back pay relief is more generous under the Equal Pay Act than under Title VII, and the Equal Pay Act, unlike Title VII, *has no requirement of filing administrative complaints and awaiting administrative conciliation efforts.* Given these advantages, many plaintiffs will prefer to sue under the Equal Pay Act rather than Title VII.

(Emphasis added). *Id.* at 175, n. 14, 101 S.Ct. at 2250 (citing B. Babcock, A. Freedman, E. Norton, & S. Ross, Sex Discrimination and the Law 507 (1975)).

[¶ 12.] For added support, Teachers point to *EEOC v. Home of Economy, Inc.,* 712 F.2d 356 (8thCir.1983). In that case, the Eighth Circuit Court of Appeals held that Title VII's requirement of administrative exhaustion does not apply to Equal Pay Act claims. *Id.* at 357. The court based their holding on five grounds:

1. The EPA does not contain express language that requires administrative exhaustion as a precondition for

filing suit (citing 29 USC §§ 201–219);

2. Legislation such as Title VII and the Age Discrimination in Employment do contain express language that administrative remedies must be exhausted (citing 42 USC § 2000e–5(b) and 29 USC § 626(b));

3. The legislative history shows that Congress considered and consequently rejected a version of the EPA which would have contained such language;

4. The transfer of EPA enforcement functions from the Department of Labor to the Equal Employment Opportunity Commission (EEOC) did not add a conciliation requirement to the process of handling EPA cases;

5. The United States Supreme Court case of *County of Washington, see supra,* discussed the lack of conciliation requirement in EPA cases: the EPA, unlike Title VII, has no requirement of filing administrative complaints and awaiting administrative conciliation efforts.

*Home of Economy,* 712 F.2d at 357–58.

[¶ 13.] The School District argues that SDCL 20–13–29 imposes an administrative exhaustion requirement in discrimination cases. This statute, enacted in 1972 as part of the South Dakota Human Rights Act, provides:

Any person claiming to be aggrieved by a discriminatory or unfair practice may file with the Division of Human Rights a verified, written charge which shall state the name and address of the person or agency alleged to have committed the discriminatory or unfair practice. The charge shall set forth the facts upon which it is based, and shall contain any other information required by the division. The Commission of Human Rights, a commissioner, a state's attorney or the attorney general may file a charge.

[¶ 14.] In the past, we have interpreted the word "may" in this statute to mean that administrative exhaustion with the Division is required with all claims that fall within its jurisdiction. *Montgomery v. Big Thunder Gold Mine, Inc.,* 531 N.W.2d 577, 579 (S.D.1995).

[¶ 15.] The South Dakota Legislature, however, did not enact the Human Rights Act, SDCL ch 20–13, until 1972. Thus, the Equal Pay Act had already been in effect as a federal law for nine years at that point. The School District cites to no Congressional amendments in the Equal Pay Act after 1972 which would somehow impose a requirement of state exhaustion where none existed before.

[¶ 16.] To the extent that SDCL 20–13–29 applies to claims under the EPA, it is in direct conflict with the above-cited federal authority. While the School District argues that this state statute is dispositive of the issue, the Supremacy Clause of the United State Constitution prohibits such a result. *See* U.S. Const Art VI, cl.2. *In Wolff v. Secretary of the South Dakota Game, Fish and Parks Dept.,* 1996 SD 23, ¶ 23, 544 N.W.2d 531, 535, we recognized:

[A] state court may not decline to hear an otherwise properly presented federal claim because that claim would be barred under a state law requiring timely filing of notice. State courts simply are not free to vindicate the substantive interests underlying a state rule of decision at the expense of the federal right.

(quoting *Felder v. Casey,* 487 U.S. 131, 152, 108 S.Ct. 2302, 2314, 101 L.Ed.2d 123, 147 (1988)). Although that case dealt with plaintiffs federal 42 USC 1983 claim and his failure to comply with a South Dakota

state notice of claim provision, the above-quoted language is applicable in the present case.

■ [¶ 17.] In *SD Bd. of Regents v. Heege*, 428 N.W.2d 535, 539 (SD 1988), we listed the five exceptions to the requirement of administrative exhaustion in this state.[1] The exception which is applicable here is that "[e]xhaustion is not required where the agency does not have jurisdiction over the subject matter...." Herein, based on the above-cited federal authority, it is clear exhaustion is not required for a claim under the Equal Pay Act. We thereby hold that imposition of the administrative exhaustion requirement to EPA claims violates the Supremacy Clause.[2]

[¶ 18.] It is important to note that if we were to require administrative exhaustion, it would circumvent the EPAs protections. The Act provides payment of unpaid wages but limits this award to either a two-year period (in cases of ordinary violations of the Act) or a three-year period (in cases of "willful" violations of the Act) immediately preceding the filing of suit in court. *See* 29 USC § 255(a); *see also Equal Employment Oppurtunity Commission* v. *Hernando Bank, Inc.*, 724 F.2d 1188, 1194 (5thCir.1984). Therefore, if claimants were required to exhaust their administrative remedies before filing a claim in court,

this could take years and their damages could cease to exist. *See Id.*

[¶ 19.] Unlike the EPA, Title VII allows for back pay for the two-year period immediately prior to the commencement of administrative proceedings. *See* 42 USC § 2000e–5(g). Therefore, the administrative exhaustion requirement under Title VII has no adverse effects on claimants. Further, unlike Title VII, the statute of limitations under the EPA is not tolled by the filing of an administrative claim.

[¶ 20.] **2.  Whether the Teachers were required to personally serve at least one member of the School Board.**

**and**

[¶ 21.] **3.  Whether the Teachers were required to exhaust their administrative remedies before filing an appeal under SDCL ch 13–46.**

[¶ 22.] Since we hold under the Supremacy Clause that the teachers are authorized to maintain a direct action in circuit court for both their Equal Protection and Equal Pay claims, these issues are rendered moot. The only personal service required was that of the summons and complaint, which was properly done.

[¶ 23.] We reverse and remand for further proceedings consistent with this opinion.

1.  The five exceptions are:
    (1) Exhaustion is not required where a person, through no fault of his own, does not discover the purported wrong until after the time for application of administrative relief. *Lick v. Dahl*, 285 N.W.2d 594 (S.D.1979).
    (2) Exhaustion is not required where the agency fails to act. *Weltz v. Board of Education of Scotland*, 329 N.W.2d 131 (S.D. 1983) (footnote 1).
    (3) Exhaustion is not required where the agency does not have jurisdiction over the subject matter or parties. *Johnson v. Kolman*, 412 N.W.2d 109, 112 (S.D.1987).
    (4) Exhaustion is not required where the board having appropriate jurisdiction has improperly made a decision prior to a hearing or is so biased that a fair and impartial hearing cannot be had. *Mordhorst v. Egert*, 88 S.D. 527, 223 N.W.2d 501 (1974).
    (5) Exhaustion is not required in extraordinary circumstances where a party faces impending irreparable harm of a protected right and the agency cannot grant adequate or timely relief. *Mordhorst, supra; Johnson, supra.*

2.  To avoid a second needless appeal, we also reverse on the Equal Protection claim for the same reasons discussed in this opinion.

[¶ 24.] SABERS, KONENKAMP, and MEIERHENRY, Justices, concur.

[¶ 25.] ZINTER, Justice, concurs in result.

ZINTER, Justice (concurring in result).

[¶ 26.] I join all of the Court's opinion except for that portion that, *sua sponte*, determines the merits of the exhaustion and Supremacy Clause issues on Teachers' equal protection claim. *See supra* note 2 and ¶ 22. The issue is whether a requirement of state exhaustion violates the Supremacy Clause because exhaustion would " 'impose unnecessary burdens upon rights of recovery authorized by federal laws.' " *Felder v. Casey,* 487 U.S. 131, 150, 108 S.Ct. 2302, 2313, 101 L.Ed.2d 123, 146 (1988) (quoting *Brown v. Western Ry. of Ala.,* 338 U.S. 294, 298–99, 70 S.Ct. 105, 108, 94 L.Ed. 100, 104 (1949); see also *Monessen Southwestern Ry. Co. v. Morgan,* 486 U.S. 330, 336, 108 S.Ct. 1837, 1842, 100 L.Ed.2d 349, 358 (1988)). However, the question of an unnecessary burden on Teachers' equal protection claim was not briefed or argued by the parties in this appeal. We should not, therefore, entertain that substantive issue.

[¶ 27.] I concur, however, that the trial court's dismissal of the equal protection claim must be reversed and remanded because it was dismissed, *sua sponte*, absent a motion to dismiss. Because it appears that the equal protection claim may have simply been grouped with the other dismissed claims, and because we are reversing those other claims, I would reverse the trial court's dismissal, and remand the equal protection claim for further proceedings.