EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,

v.

PET, INCORPORATED, FUNSTEN NUT DIVISION, Defendant-Appellee.

No. 79–1666

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 3, 1980.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Juan Ramon V. Gomez, E.E.O.C., Washington, D.C., for plaintiff-appellant.

Fisher & Phillips, Charles Kelso, Monica Malys, Atlanta, Ga., J. Doyle Fuller, Montgomery, Ala., for defendant-appellee.

Before GEE, HENDERSON and HATCHETT, Circuit Judges.

PER CURIAM:

We relate the facts as stated in the brief of plaintiff-appellant Equal Employment Opportunity Commission (EEOC):

This is an appeal from a judgment dismissing the complaint filed by the Equal Employment Opportunity Commission against Pet, Incorporated, Funsten Nut Division, under § 706(f)(1) of Title VII, Civil Rights Act of 1964, as amended, 42 U.S.C. 20003 [§ 2000e] *et seq.* (1976). The Commission brought suit as a class action alleging that Pet maintained race-segregated facilities and departments, and engaged in a discriminatory discharge policy. The district court held that it lacked jurisdiction of the class claims because the Commission had not attempted to conciliate class issues after the company refused to discuss relief for the charging party.

The action arose out of a charge filed on November 15, 1973, by Elbert Perdue, a black male, stating that he had been discriminatorily discharged because of his race. In 1977, Mr. Perdue amended his charge to state his belief that the company discriminated against blacks by maintaining segregated job classifications and segregated facilities.

After investigation, the Commission, on September 29, 1977, found reasonable cause to believe that the charging party had been discriminatorily discharged and that Pet maintained segregated facilities and departments. The determination invited the parties to participate in informal attempts to settle the charge.

Pet expressed its willingness to engage in conciliation attempts, but stated that it had "no interest in either re-employing [charging party] or paying him any back wages."

Subsequently, when the EEOC conciliator informed Pet through counsel that the Commission would fail conciliation unless the individual allegations were also considered, Pet reinterated [sic] its position that it was "unwilling to do anything for the charging party." An internal memorandum of the company shows that it was aware that failure to discuss the individual claim might result in a suit on the general allegations.

On January 27, 1978, the Commission notified the company of the failure of conciliation efforts, pursuant to EEOC Regulation § 1601.25.

(record references and footnotes omitted).

In sum, when appellee declined to grant relief to the charging individual, EEOC refused its offer to attempt to conciliate the class issues and filed suit. This is not the sort of good-faith attempt at conciliation on the part of EEOC that Title VII contemplates. To withdraw from discussions while the other party is offering to negotiate the broad issues, merely because an impasse has occurred as to the charging party, smacks more of coercion than of conciliation. Such an all-or-nothing approach on the part of a commission, one of whose most essential functions is to attempt conciliation, will not do. *Cf. Patterson v. American Tobacco Co.,* 535 F.2d 257 (4th Cir. 1976). Nor will the sweeping action of the court below, a sanction far too harsh where, as here, conciliation has at least been attempted in good faith, though prematurely aborted. See generally, *Marshall v. Sun Oil Co. (Delaware),* 605 F.2d 1331 (5th Cir. 1979).

A better course would have been for the court to have ordered the stay permitted by 42 U.S.C. Section 2000e–5(f)(1), insuring

that as to the class issues suit would be—as Congress intended—the last and not the first resort. We vacate the judgment below and remand for the entry of such a limited stay.

VACATED AND REMANDED.