**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,**

v.

**KLINGLER ELECTRIC CORPORATION, Defendant-Appellee.**

No. 80–3409

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Feb. 5, 1981.

Sandra G. Bryan, Lutz Alexander Prager, Atty., EEOC Office of Gen. Counsel, Appellate Div., Washington, D. C., for plaintiff-appellant.

Alvin M. Binder, Bobby B. DeLaughter, Jackson, Miss., for defendant-appellee.

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

PER CURIAM:

The Equal Employment Opportunity Commission (EEOC) filed suit against Klingler Electric Corporation (Klingler) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Klingler filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12, Fed.R.Civ.P. The United States District Court for the Southern District of Mississippi ruled for Klingler but apparently converted the motion under Rule 12(b) and granted summary judgment, based upon the grounds that the EEOC complaint had not specifically averred that efforts at conciliation had failed, and, furthermore, that documents and an affidavit presented by the defendant had demonstrated its willingness to conciliate. We reverse the judgment of the district court and remand for further proceedings.

On July 26, 1976, a Klingler employee filed a charge of employment discrimination with the EEOC. Following an investigation and determination of reasonable cause pursuant to 42 U.S.C. § 2000e–5(b), the EEOC initiated conciliation efforts with Klingler on April 11, 1977, as required by Title VII. These negotiations continued until October 7, 1977, when the EEOC mailed a Failure of Conciliation notice pursuant to the EEOC's own procedures. 29 C.F.R. 1601.25 (1977). At Klingler's request, negotiations were resumed. On December 22, 1978, the EEOC forwarded to Klingler's attorneys an amended and unsigned conciliation agreement and requested that, if it met with Klingler's approval, it be executed and returned as soon as possible. Item 16 of the agreement was left blank because it required data that Klingler had not yet supplied. Klingler filled in item 16, signed the document, and returned it to the EEOC on January 17, 1979. The Klingler attorneys enclosed a cover letter saying "[s]hould other or further [sic] be required, kindly advise."

According to affidavits signed by the director and equal opportunity specialist of the local EEOC office, the data supplied in item 16 was unacceptable to the Commission, the charging party, and the affected class members. On March 1, 1979, the EEOC contacted Klingler's attorneys and made a counter-proposal. The record does not reveal the exact nature of either this proposal or Klingler's reply, but only states that Klingler "did not act upon the proposal." The EEOC mailed a Failure of Conciliation letter to Klingler on April 2, 1979, and filed suit on January 14, 1980.

The EEOC complaint filed with the district court generally averred that "[a]ll conditions precedent to the institution of this lawsuit have been fulfilled." Klingler filed a motion to dismiss for lack of subject matter jurisdiction based upon the allegation that it had signed a conciliation agreement supplied by the EEOC and that, therefore, the EEOC had not fulfilled its statutory obligation to attempt conciliation before filing suit. The district court granted this motion and issued final judgment, stating first that the EEOC "has no power and no authority to institute or maintain this suit in the absence of a proper averment in its complaint that conciliation has failed." We note that this language not only creates a specific pleading requirement, but also elevates that requirement to the level of a condition precedent to suit. The court then cited the conciliation agreement signed by Klingler as proof that the EEOC had failed to conciliate as required by Title VII.

First of all, although the EEOC is statutorily required to *attempt* conciliation, there is no requirement, statutory or otherwise, that the EEOC specifically *plead* that conciliation efforts have failed. A general averment that "all conditions precedent to the institution of this lawsuit have been fulfilled" is quite adequate for pleading purposes. Fed.R.Civ.P. 9(c); *EEOC v. Standard Forge and Axle Company, Inc.,* 496 F.2d 1392 (5th Cir. 1974). Furthermore, we specifically reject the even broader hold-

ing of the district court that a specific *pleading* is actually a condition precedent to the EEOC's right to seek judicial action at all. Although the district court may not have meant to state such a far-reaching principle, that is the clear import of its order, as quoted in the preceding paragraph.

■ If there is doubt that the EEOC's general averment is true, in whole or part, the opposing party may raise the issue with a specific and particular denial. *Standard Forge*, 496 F.2d at 1395. Klingler's motion to dismiss, accompanied by an affidavit of the company president setting forth the conciliation efforts and a copy of the EEOC's proposed conciliation signed by Klingler, was sufficient to raise the issue. Thus it was appropriate for the district court to inquire into the adequacy of the EEOC's efforts to conciliate.

■ The specific language of Title VII says that the Commission, after its investigation has confirmed reasonable cause to believe that the charge is true, "shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e–5(b). In evaluating whether the EEOC has adequately fulfilled this statutory requirement, the fundamental question is the reasonableness and responsiveness of the EEOC's conduct under all the circumstances. *Marshall v. Sun Oil Company* (Delaware), 605 F.2d 1331, 1335–36 (5th Cir. 1979). The EEOC has fulfilled its statutory duty to attempt conciliation if it outlines to the employer the reasonable cause for its belief that Title VII has been violated, offers an opportunity for voluntary compliance, and responds in a reasonable and flexible manner to the reasonable attitudes of the employer. *Id.* at 1335–39.

The district court apparently evaluated the EEOC's conciliation effort without looking beyond the face of the proposed conciliation agreement signed by Klingler. Neither the court's order nor the remainder of the record indicate that the court ever inquired into the materiality of the informa-

tion that Klingler added to item 16 before it signed the EEOC's proposal, the history of negotiations on that item, the nature of the EEOC's counter-proposal and Klingler's response, or the existence of EEOC regulations governing such negotiations. It was impossible for the district court to make a proper evaluation without a more thorough inquiry into such relevant facts of the conciliation negotiations. For that reason, we must reverse the judgment of the district court.

■ Finally, we note that summary judgment is far too harsh a sanction to impose on the EEOC even if the court should ultimately find that conciliation efforts were prematurely aborted. The EEOC participated in negotiations for two years. In the absence of grossly arbitrary and unreasonable conduct or substantial prejudice to the defendant, that is enough evidence of the EEOC's good faith to make such a harsh remedy unnecessary. *EEOC v. Pet, Inc., Funsten Nut Division*, 612 F.2d 1001 (5th Cir. 1980); *EEOC v. Airguide Corp.*, 539 F.2d 1038, 1042 (5th Cir. 1976). On the facts before us now, the appropriate remedy, should the district court find that the EEOC has not adequately attempted conciliation, would be the stay permitted by 42 U.S.C. § 2000e–5(f)(1). *Pet, Inc., Funsten Nut Division*, 612 F.2d at 1002–03. This approach will preserve the authority of the EEOC so long as it acts in good faith, while encouraging voluntary compliance and reserving judicial action as a last resort.

We REVERSE the judgment of the district court and REMAND the case for further proceedings consistent with this opinion.