EQUAL EMPLOYMENT OPPORTUNI-
TY COMMISSION, Plaintiff,

v.

MAY AND COMPANY, INC., Defendant.

Civ. A. No. C76–109A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 26, 1983.

Abner W. Sibal, General Counsel, William L. Robinson, Associate General Counsel, E.E.O.C., Washington, D.C., Earl Harper, Jr., Acting Regional Attorney, Gerald S. Kiel and Theodore T. Grove, Jr., Asst. Regional Attys., Judity A. Keeler and Ann E. Jacobs, Trial Attys., E.E.O.C., Atlanta, Ga., for plaintiff.

Douglas B. Warner, Patrick, Warner & Bramhall, P.C., Atlanta, Ga., for defendant.

## ORDER

FORRESTER, District Judge.

This employment discrimination action is before the court on three United States Magistrate's Reports and Recommendations. These reports and recommendations are based upon the following: (a) Defendant's motion to restrict scope of class; (b) defendant's motion to strike and dismiss; (c) plaintiff's motion for partial summary judgment; and (d) defendant's motion to dismiss for unreasonable delay. Defendant has filed objections to each of the Magistrate's Reports and Recommendations.

Plaintiff, Equal Employment Opportunity Commission (EEOC), filed a complaint against defendant on January 19, 1976, pursuant to 42 U.S.C. § 2000e–5(f)(1), alleging that defendant, at least since July 2, 1965, had discriminated against blacks in its recruitment, hiring, training, job assignment, promotion, and discharge practices. In addition, the complaint alleges that defendant has failed to file employer information reports and had failed to post equal employment opportunity posters, as required by Title VII of the Civil Rights Act ("Title VII" or "Act"), and the regulation promulgated thereunder, 42 U.S.C. §§ 2000e–8; 2000e–12; and 29 C.F.R. § 1602.7. Defendant is a family-run company which provides non-food items to grocery stores. The parties who initiated the charges of discrimination were two individuals, husband and wife, who had been employed at defendant's warehouse.

As a threshold matter, it is noted that this court has a duty to conduct a careful and complete review in determining whether to accept, reject, or modify, in whole or in part, the Magistrate's Reports and Recommendations. *Nettles v. Wainwright,* 677 F.2d 404, 408 (5th Cir.1982) (Former Fifth Circuit case) (en banc). Pursuant to 28 U.S.C. § 636(b)(1)(B), this court must make a *de novo* determination, or a "fresh consideration," of those findings objected to. *Id.* at 409. "It is arguable that, when no objections are filed, the parties have accepted the magistrate's report and recommendations." *Id.* *See also Calderon v. Waco Lighthouse for the Blind,* 630 F.2d 352 (5th Cir.1980); *Anderson v. State of South Carolina,* 542 F.Supp. 725, 727 (D.S.C. 1982); *United States v. Lee Wood Contracting, Inc.,* 529 F.Supp. 119 (E.D.Mich.1981); *Chamblee v. Schweiker,* 518 F.Supp. 519 (N.D.Ga.1981); *Webb v. Califano,* 468 F.Supp. 825 (E.D.Cal.1979).

For the reasons set forth below, after careful and complete review in determining whether to accept, modify, or reject, in whole or in part, the reports and recommendations issued by Magistrate Chancey, this court hereby adopts each report and recom-

mendation as the order and opinion of this court with two exceptions. First, this court finds that there are genuine issues of material fact which preclude plaintiff's entitlement to judgment as a matter of law that defendant has maintained a racially segregated sales force in violation of Title VII. Second, this court denies defendant's motion to dismiss for unreasonable delay on the grounds that there is no showing either that plaintiff unreasonably delayed the bringing of these proceedings or that defendant suffered prejudice as a result of the delay.

## I.

In order to evaluate properly the Magistrate's Report and Recommendation on defendant's motion to restrict scope of class and motion to strike and dismiss class allegations, a brief procedural history is in order. On March 16, 1978, plaintiff filed a motion for class certification pursuant to Fed.R.Civ.P. 23. The scope of the class sought was all past, present, and future black employees and applicants at defendant's operations located in Morrow, Georgia. Thereafter, defendant filed a motion to restrict the scope of the class to include only those blacks who were employed at defendant's warehouse in Morrow, Georgia, after February 28, 1972. On July 25, 1980, plaintiff filed a motion to withdraw its motion for class certification, basing its argument that the EEOC did not have to comply with the class certification requirements of Rule 23 on the recently decided Supreme Court holding in *General Telephone Co. v. EEOC,* 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980). Defendant responded to this motion by indicating that in light of the *General Telephone* case, it did not oppose plaintiff's motion to withdraw. On February 19, 1981, the District Court, through Judge Shoob, granted plaintiff's motion to withdraw. In addition, the District Court remanded to the magistrate consideration of defendant's motion to restrict the scope of the class.

On September 23, 1981, defendant filed a motion to strike all allegations concerning class-wide practices, and to dismiss all claims for class-wide relief because of plaintiff's failure to certify the action as a class action pursuant to Rule 23. Apparently, this motion was brought to preserve for appeal the question of Rule 23 certification of EEOC cases, with the hope that the Supreme Court would reverse itself.

On April 1, 1983, the magistrate issued its report and recommendation on defendant's motion to strike and dismiss class allegations and motion to restrict the scope of the class. The magistrate concluded that defendant's motion to strike and dismiss for failure to certify the action must clearly be denied under the holding in *General Telephone Co. v. EEOC, supra.*

With respect to defendant's motion to restrict the scope of the class, the magistrate made two findings. First, the magistrate concluded that while the charging parties were warehouse employees, the scope of the investigation which could reasonably be expected to grow out of the charge may include company-wide practices and, therefore, rejected defendant's invitation to limit the class only to warehouse employees. The magistrate noted that the July 15, 1977, pretrial order did not indicate defendant's intent to so narrow the scope of this case. In rejecting defendant's argument that inasmuch as the charge concerning discrimination in its sales division was not conciliated, employees in the sales division should not be allowed in the aggrieved class; the magistrate concluded that conciliation is a condition precedent to an EEOC suit, and not a jurisdictional prerequisite. As such, the magistrate found that a defendant must deny the condition precedent with specificity and particularity under the Federal Rules and pointed to the facts that defendant's February 11, 1976, answer did not deny the failure to conciliate specifically and with particularity and that the conciliation issue was not raised until well after the pretrial order.

Second, the magistrate concluded that plaintiff may secure recovery only for those individuals who could have filed a timely discrimination charge on or subsequent to August 23, 1972, when the original charge

in this case was filed. Noting that defendant did not waive the issue and that the filing period is 180 days for all charges pending with the Commission, the magistrate specifically found that plaintiff may seek recovery only for those blacks who applied for employment with defendant or who were employed by defendant on or after February 24, 1972.

In objecting to the Magistrate's Report and Recommendation, defendant argues that the magistrate erred as a matter of law in refusing to limit the scope of the class to warehouse employees only. Defendant contends that in Title VII actions, there is no subject matter jurisdiction where no effort to conciliate has been made and that the specific denial of performance of conditions precedent is not mandatory where the performance of the conditions is integral to the establishment of subject matter jurisdiction. Defendant maintains that this is especially significant in this case, where there has been no showing of good faith or attempt at conciliation in any area other than warehouse employees.

■ At the outset, this court rejects defendant's argument in its motions to strike and to dismiss that because of plaintiff's failure to certify the action as a class action, all allegations regarding class-wide relief must be stricken. In *General Telephone Co. v. EEOC,* 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980), the Supreme Court explicitly rejected defendant's argument:

> We hold, therefore, that the EEOC may maintain its section 706 civil actions for the enforcement of Title VII and may seek specific relief for a group of aggrieved individuals without first obtaining class certification pursuant to Federal Rule of Civil Procedure 23.

*Id.* at 333–34, 100 S.Ct. at 1708 (footnote omitted). *General Telephone Co.* is binding precedent, and this court has a duty to follow it.

Defendant also argues that in Title VII actions, there is no subject matter jurisdiction over claims which have not been subject to an effort to conciliate, and that the specific denial of performance of conditions precedent is not mandatory where the performance of conditions is integral to the establishment of subject matter jurisdiction. This argument must be rejected. In *EEOC v. Klingler Electric Corp.,* 636 F.2d 104 (5th Cir.1981), the court held that although the EEOC is statutorily required to attempt conciliation, there is no requirement that the EEOC specifically plead that conciliation efforts have failed. The court expressly rejected the principle that a specific pleading is actually a condition precedent to the EEOC's right to seek judicial action. *Id.* at 106. Last year, the Eleventh Circuit in *Jackson v. Seaboard Coastline Railroad Co.,* 678 F.2d 992 (11th Cir.1982), read *Klingler Electric* as standing for the proposition that an attempt to conciliate is a procedural requirement which is to be characterized as a condition precedent rather than a jurisdictional prerequisite. *Id.* at 1003 n. 16.

■ The language of Title VII indicates that the Commission, after its investigation has confirmed reasonable cause to believe that the charge is true, "shall endeavor to eliminate any such alleged unlawful practice by informal methods of conference, conciliation, and persuasion." 42 U.S.C. § 2000e–5(b). The statute provides that the Commission may bring a civil action against a non-governmental unit "[i]f within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) or (d) of this section, the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission." 42 U.S.C. § 2000e–5(f)(1). Nothing in the express language of section 2000e–5(f)(3), which grants federal courts jurisdiction over actions brought under section 2000e–5, however, suggests that the subject matter jurisdiction of the federal courts is conditioned upon the fulfillment of other *procedural* requirements for pursuing a Title VII claim. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Jackson v. Seaboard*

*Coastline Railroad Co.,* 678 F.2d at 1001. Furthermore, "[t]he legislative history indicates that Congress considered Title VII's preconditions to be analogous to procedural requirements, which do not limit the jurisdiction of federal courts in other contexts." 678 F.2d at 1002–03. Therefore, notwithstanding the lack of showing of good faith or attempted conciliation in any area other than warehouse employees, the magistrate did not err as a matter of law in concluding that conciliation is a condition precedent and not a jurisdictional prerequisite to an EEOC suit.

■ To the extent that defendant argues that since the genesis of the investigation is the filing on or about August 23, 1972, of racial discrimination charges by Randolph and Callie Heath, two employees who worked in defendant's Morrow warehouse, the class of persons who may seek recovery in this action can be only warehouse employees; this argument must be rejected. In Rule 23 parlance, this argument would be that these warehouse employees would fulfill neither the typicality nor adequate representative requirements for claims encompassing company-wide practices. Such an argument is specious, however.

The typicality requirement is said to limit the class claims to those fairly encompassed by the named plaintiff's claims. If Rule 23 were applicable to EEOC enforcement action, it would seem that the Title VII counterpart to the Rule 23 named plaintiff would be the charging party, with the EEOC serving in the charging party's stead as the representative of the class. Yet the Courts of Appeals have held that EEOC enforcement actions are not limited to the claims presented by the charging parties. Any violations that the EEOC ascertains in the course of a reasonable investigation of the charging party's complaint are actionable. The latter approach is far more consistent with the EEOC's role in the enforcement of Title VII than is imposing the strictures of Rule 23, which would limit the EEOC action to claims typified by those of the charging party.

We note ... that the adequate-representation requirement is typically construed to foreclose the class action where there is a conflict of interest between the named plaintiff and the members of the putative class. In employment discrimination litigation, conflicts might arise, for example, between employees and applicants who are denied employment and who will, if granted relief, compete with employees for fringe benefits or seniority. Under Rule 23, the same plaintiff could not represent these classes. But unlike the Rule 23 class representative, the EEOC is authorized to proceed in a unified action and to obtain the most satisfactory overall relief even though competing interests are involved and particular groups may appear to be disadvantaged. The individual victim is given his right to intervene for this very reason. The EEOC exists to advance the public interest in preventing and remedying employment discrimination, and it does so in part by making the hard choices where conflicts of interest exist. We are reluctant, absent clear congressional guidance, to subject section 706(f)(1) actions to requirements that might disable the enforcement agency from advancing the public interest in the manner and to the extent contemplated by the statute.

*General Telephone Co.,* 446 U.S. at 330–31, 100 S.Ct. at 1706–1707. As the magistrate correctly perceives, promotional limitations on black warehouse employees would affect their ability to work in the office, management, or sales divisions of the company, and the allegations of discriminatory job assignment practices reasonably relates not only to warehouse employees but applicants for and employees in all company positions.

The magistrate concluded that due to defendant's failure to deny with specificity and particularity the failure of conciliation in its answer and failure to raise the conciliation issue until after the pretrial order, defendant cannot now be heard to complain about remedies on behalf of those blacks in all divisions of the company. Rule 9(c) provides that "[a] denial of performance or

occurrence [of conditions precedent] shall be made specifically and with particularity." Fed.R.Civ.P. 9(c). As such, the burden of identifying those conditions which are believed to be unfulfilled and which are sought to be put in issue is on the defendant. 5 C. Wright & A. Miller, Federal Practice & Procedure § 1304 (1969). *See Klingler Electric*, 636 F.2d at 106. Given that: (i) The July 15, 1977, pretrial order did not indicate defendant's intent to so narrow the scope of this case, and actually mentions the sales, warehouse, and office divisions of the defendant; and (ii) the scope of the EEOC investigation which could reasonably be expected to grow out of the original charge of discrimination included company-wide practices; this court concludes that the magistrate's conclusion not to narrow the scope of this case only to warehouse employees is not erroneous. Therefore, it is hereby adopted as the opinion and order of this court.

## II.

On May 25, 1979, plaintiff filed a motion for partial summary judgment pursuant to Rule 56(c), contending that there are no genuine disputes as to material facts and that plaintiff is entitled to judgment as a matter of law on the following seven issues: (1) The court has jurisdiction over this cause of action; (2) defendant has maintained racially segregated job classifications in violation of Title VII of the Civil Rights Act of 1964; (3) defendant has relied primarily upon word-of-mouth recruitment from present employees, thereby perpetuating racially segregated job classifications in violation of Title VII of the Civil Rights Act of 1964; (4) defendant has failed or refused to hire blacks into managerial, office, and clerical positions in violation of Title VII of the Civil Rights Act of 1964; (5) defendant has maintained a racially segregated sales force, thereby limiting the employment opportunities of blacks and otherwise discriminating against black sales workers in the terms and conditions of their employment in violation of Title VII of the Civil Rights Act of 1964; (6) defendant has failed or refused to promote or transfer black employees into supervisory, sales, office, and clerical positions in violation of Title VII of the Civil Rights Act of 1964; and (7) defendant has failed to file Employer Information Reports (EEO–1) in violation of Section 709(c) of Title VII of the Civil Rights Act of 1964 and 29 C.F.R. § 1602.7.

On April 12, 1983, Magistrate Chancey, in a well-written report and recommendation, addressed each of these seven issues individually and concluded the following: (i) Subject matter jurisdiction exists over the instant case; (ii) issues number 2, 3, and 4 present genuine issues of material facts which preclude summary adjudication; (iii) the undisputed facts showed that defendant has maintained a racially segregated sales force in violation of Title VII; and (iv) plaintiff is entitled to a summary adjudication that defendant has violated the reporting requirements of 42 U.S.C. § 2000e–8(c), by failing to file EEO–1 reports up to 1975; yet, since the undisputed facts at present do not indicate the extent of defendant's compliance with reporting requirements subsequent to 1975, a determination of whether injunctive relief is appropriate cannot be made at this time.

Defendant has provided objections to the Magistrate's Report and Recommendation as to plaintiff's motion for partial summary judgment. First, defendant argues that this court has no subject matter jurisdiction over issues that were not the subject of conciliation efforts by the parties. Second, as to the magistrate's conclusion that defendant has maintained a racially segregated sales force, defendant argues that no jurisdiction exists regarding defendant's sales force. Finally, defendant contends that assuming jurisdiction exists, questions of fact exist with respect to the maintenance of a racially segregated sales force.

Given the conclusions in part I. of this order, the defendant's objections regarding jurisdiction are without merit. Thus, the only issue presented is whether the magistrate erred in granting partial summary judgment to plaintiff on the issue of wheth-

er defendant has maintained a racially segregated sales force.[1]

The undisputed facts are as follows. As of July of 1976, all of defendant's black sales persons worked under a black supervisor. Defendant has only employed two black supervisors, with one succeeding the other. Black supervisors only supervise black employees, except for a three-month period in 1975, when two white sales persons were supervised by a black supervisor; the two white sales persons refused to continue to work under this arrangement. One black sales person hired in late 1976 worked under a white supervisor in Birmingham. The black sales persons serviced predominantly black neighborhoods, although they also serviced white neighborhoods.

Title VII provides that it is an unlawful employment practice for an employer:

> To limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e–2(a)(2). The court notes that the operative verbs in this section are limit, segregate, or classify. The record, indeed, establishes that black sales workers were relegated to one particular sales division, worked under a black supervisor, and serviced predominantly black neighborhoods. *See* Magistrate's Report and Recommendation on plaintiff's motion for partial summary judgment, at 10.

Nevertheless, this court believes that summary judgment is an inappropriate vehicle to decide the issue of defendant's maintenance of a racially segregated sales force. Rule 56(c) provides that a summary judgment shall be rendered only if there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(d), apparently relied upon by the magistrate in determining whether the issue of whether defendant has maintained a racially segregated sales force is appropriate for summary adjudication, provides the following:

> If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

Fed.R.Civ.P. 56(d). While subdivision (d) is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case and serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact, *see* 1946 Notes of Advisory Committee on Rules, on a motion for summary judgment the court cannot try issues of fact. It can only determine whether there are issues to be tried. C. Wright, Federal Courts § 99, at 664 (1983).

Under these facts, while it may appear more likely than not that defendant has maintained a racially segregated sales force, the record shows that one black sales person worked under a white supervisor in Birmingham, and that black sales persons also serviced white neighborhoods. There is no evidence as to whether any segregation was intentional. *Compare Sears v. Atchi-*

---

1. The magistrate characterized plaintiff's contention as follows: Defendant placed sales workers into groups by using racial considerations in violation of Title VII. He concluded that the undisputed facts indicate that defend- ant has maintained a racially segregated sales force in violation of the Act, thereby warranting summary adjudication pursuant to Fed.R. Civ.P. 56(d).

son, Topeka and Santa Fe Railroad Co., 645 F.2d 1365 (10th Cir.1981). There are no undisputed facts which indicate that any segregation in any way would deprive any black of employment opportunities or adversely affect his or her status as an employee. See 42 U.S.C. § 2000e–2(a)(2). Compare Sears, supra.

Accordingly, this court does not adopt the magistrate's conclusion that defendant has maintained a racially segregated sales force as a matter of law and holds that genuine issues of material fact exist which preclude summary judgment on this issue.

### III.

On January 15, 1979, defendant filed a motion to dismiss this action for laches or unreasonable delay under the Administrative Procedure Act, 5 U.S.C. § 706. On March 31, 1983, the magistrate denied the defendant's motion to dismiss for defendant's failure to support the factual allegations which underlie the motion. The magistrate noted that the allegations of unreasonable delay and prejudice to defendant "stood alone and were unsupported by affidavits or other documentation.... Defendant's failure to comply with this requirement [Local Rule 91.1] warrants denial of its motion." Magistrate's Report and Recommendation on Defendant's Motion to Dismiss for Unreasonable Delay, at 2. Defendant objects by arguing that the magistrate's recommendation ignores the fact that the motion to dismiss was filed as a segment of a series of post-hearing motions following a November 14, 1978, evidentiary hearing, at which the facts supporting this motion were admitted into evidence by the magistrate himself. Although this court comes to the same conclusion as the magistrate, it does so on different grounds.

The pertinent facts are as follows. The original charge filed with the Commission occurred on August 23, 1972. On December 31, 1974, a letter of determination was issued finding probable cause of discriminatory practices on the part of defendant and inviting the parties to enter into an attempt at conciliation. On May 12, 1974, plaintiff notified defendant that conciliation attempts have been unsuccessful. Suit was instituted on January 19, 1976.

Upon examining a chart which is present in footnote 7 in EEOC v. American National Bank, 420 F.Supp. 181, 187 n. 7 (E.D.Va. 1976), which quantifies other cases which have barred EEOC actions because of unreasonable and prejudicial delay, this court believes that there is no immediate showing that the EEOC unreasonably delayed the bringing of these proceedings.

Even assuming unreasonable delay, the defendant must show prejudice to its defense as a result of the unreasonable delay. See EEOC v. Exchange Security Bank, 529 F.2d 1214, 1216 (5th Cir.1976); EEOC v. Moore Group, Inc., 416 F.Supp. 1002 (N.D. Ga.1976). Initially, the court notes that unlike a litigant in a private action who may first learn of the cause against him upon the service of a complaint, the Title VII defendant is alerted to the possibility of an enforcement suit promptly. See Occidental Life Insurance Co. v. EEOC, 432 U.S. 355, 372, 97 S.Ct. 2447, 2457, 53 L.Ed.2d 402 (1977). Section 706(f)(1) provides that:

> If within thirty days after a charge is filed with the Commission ..., the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent ... named in the charge.

42 U.S.C. § 2000e–5(f)(1). Furthermore, defendant's argument that the memories of the 1972 events have faded and that the company records are difficult to interpret given the time span is specious. Depositions have been taken of both the charging party and the company officials. Records do exist and have been introduced through formal discovery of conditions and practices as of 1972. Defendant has admitted, in response to requests for admission pursuant to Fed.R.Civ.P. 36, to many of the facts surrounding this action. Accordingly, the court concludes that there is no substantial prejudice to defendant due to the passage of time.

CONCLUSION

Three reports and recommendations by Magistrate Chancey on defendant's motions to restrict scope of class, to strike and dismiss, and to dismiss for unreasonable delay, and plaintiff's motion for partial summary judgment are before the court for review. Defendant has filed objections to each report and recommendation.

After careful review of the reports and recommendations of the United States Magistrate, this court hereby ADOPTS each report and recommendation with two exceptions: (1) There are genuine issues of material fact which preclude plaintiff's entitlement to judgment as a matter of law that defendant has maintained a racially segregated sales force in violation of Title VII, and (2) defendant's motion to dismiss for unreasonable delay is DENIED on the grounds that there is no showing either that plaintiff unreasonably delayed in bringing these proceedings or that defendant suffered prejudice as a result of the delay.