**In re ROY YOUNG, INC., Debtor.**

**UNITED GENERAL INSURANCE CO., Plaintiff,**

v.

**ROY YOUNG, INC., Leevac Petroleum Corporation and Mid-South Fleet Leasing Corporation, Defendants.**

**Bankruptcy No. 485–01478–LO–11. Adv. No. 486–0015.**

United States Bankruptcy Court, W.D. Louisiana.

June 13, 1986.

James Mouton, Lafayette, La., for Roy Young, Inc.

Mark Riley, for United General Ins. Co.

Rellis P. Godfrey, Shreveport, La., for Mid-South Leasing.

Kimberly A. Kearney, New Orleans, La., for LeeVac.

RODNEY BERNARD, Jr., Bankruptcy Judge.

### Reasons for Judgment

This matter comes before the court on a motion for summary judgment filed by Mid-South Fleet Leasing Corporation, one of the claimants in this interpleader action. The motion is opposed by Leevac Petroleum Corporation, the only other claimant to the fund herein. Upon consideration of the briefs and arguments of counsel, the following shall constitute the findings and conclusions of this court.

### I.

This motion for summary judgment is brought pursuant to Bankruptcy Rule 7056, which adopts Rule 56 of the Federal Rules of Civil Procedure. The purpose of a motion for summary judgment is to "test the intrisic merits of the case and to determine prior to trial whether the parties have a real basis for relief or defense." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869 (5th Cir. 1978). The court does not try issues of fact or weigh the evidence, but only determines whether there are issues of fact for trial. *Starin v. American National Bank and Trust Co.*, 529 F.2d 1257 (7th Cir. 1976); *EEOC v. May & Co.*, 572 F.Supp. 536 (N.D.Ga.1983).

In ruling on a motion for summary judgment, the court must also determine whether the parties have met their burdens of proof in showing that there are no factual issues for trial. Initially, the mover clearly bears the burden of showing that no real factual controversy exists. However, after the mover makes a convincing showing, the party opposing the motion must produce proper evidence showing that a real dispute

exists. *McCormick v. Ross*, 506 F.2d 1205 (8th Cir.1974).

## II.

In this interpleader action, two creditors, Mid-South Fleet Leasing Corporation [Mid-South] and Leevac Petroleum Corporation [Leevac] each claim entitlement to certain suit proceeds owed by United General to the debtor. The claim of Mid-South arose by reason of the debtor's default on a lease agreement. Mid-South obtained a judgment in the approximate amount of $250,-000.00 on September 20, 1983. To satisfy that judgment, Mid-South seized all property of Roy E. and Delores Young, guarantors of the corporate debt. In order to prevent the sale of those assets, all proceeds of a suit then pending against United General were assigned to Mid-South on February 13, 1985. That assignment was recorded in Lafayette Parish on February 28, 1985.

Leevac's claim arose from the sale of diesel fuel to the debtor during July, August, and September of 1982. A judgment was obtained against the debtor on May 31, 1983, but no action was taken to enforce that judgment until October 25, 1985, when, upon being informed that the debtor and United General were near settlement, Leevac caused a writ of fifa to be issued, and attempted to seize the suit proceeds in question. Shortly thereafter, on November 18, 1985, the debtor filed its petition in bankruptcy. Faced with the conflicting claims of Mid-South and Leevac, United General instituted this interpleader action.

Mid-South takes the position that it has exclusive rights to the funds in question by reason of the assignment, which was made and recorded eight months prior to the petition date herein. In addition, Mid-South asserts that Leevac cannot have superior rights to those funds because the attempted seizure would have been preferential under Section 547 of the Bankruptcy Code (11 U.S.C. § 101 *et. seq.*). Although Leevac originally claimed those funds for itself in these proceedings, it has since abandoned any claim to the funds in ques-

tion, admitting that any seizure could be set aside as preferential. That, however, does not put an end to this inquiry, because Leevac also argues that just as it is not entitled to the suit proceeds, neither is Mid-South so entitled. Leevac's assertion is two-pronged. First, it is argued that Mid-South did not take title to these funds until this specific fund came into existance, thus, the assignment of those funds constitutes a preferential transfer to Mid-South. Second, Leevac argues that Mid-South may have been an insider to the debtor, thus leaving the assignment, which took place some eight months before bankruptcy, open to attack as an insider preference. Leevac contends that the question of Mid-South's insider status is one of fact, and must await trial on the merits.

## III.

Before reaching the merits of this motion, a few preliminary matters should be settled. First, in the usual interpleader case, when all claimants except one abandon their claims, that is generally the end of the matter. In this case, however, the court recognizes that the bankrupt estate stands to gain if it is found that the claim of Mid-South would constitute a preference. Second, there is a split of authority regarding the propriety of a creditor exercising the avoidance powers of the trustee, or, in this case, the debtor in possession. *Compare Campbell v. Farmland Indus., Inc. (In re Jones)*, 21 B.R. 469, 6 C.B.C.2d 1338 (Bankr.D.S.C.1982) and 4 Collier on Bankruptcy ¶ 547.52[2] (15th ed. 1985) *with In re Philadelphia Light Supply Co.*, 39 B.R. 51 (Bankr.E.D.Pa.1984). In view of the court's conclusions in this case, however, procedural irregularities will be overlooked in favor of efficient and expeditious resolution of this matter.

The only defense raised to Mid-South's claim to the suit proceeds at issue here is that, one way or another, said claim constitutes a preference. First, Leevac asserts that the transfer to Mid-South occurred only when the funds in question were identifiable, i.e., when the debtor and

United General reached agreement as to the terms and amount of the settlement. Mid-South contends that it was assigned the right to any proceeds, and as such, the "transfer" occurred when the assignment was executed or recorded. Since this question is purely one of law, and not of fact, it is properly decided in the context of this motion.

■ It has long been the law in Louisiana that the transfer of a future thing, or a "hope", is a valid transfer. *Plaquemines Equipment and Machine Co., Inc. v. Ford Motor Co.* 245 La. 201 157 So.2d 884 (1963); *Bowles v. American Rice Growers Co-op. Association,* 66 F.Supp. 489 (W.D.La.1946). Further, in *Wiley v. Public Investors Life Insurance Company,* 498 F.2d 101 (5th Cir.1974), a case which is closely analogous to the one at bar, the court held that an assignment of the right to proceeds from a contract was effective as of the date of the assignment, citing *Gordon & Gromila v. Muchler,* 34 La. Annual 604 for the proposition that a proper assignment of incorporeal rights meets the requirements of the Louisiana Civil Code for the giving of title. The *Wiley* court noted that the right to a future thing is a presently existing thing which can be sold and delivered. It is separate from the future monies, "in the same way that the hope of a future crop is a distinct and separate thing from the future crop itself ..." *Id.*

Leevac points out at great length that the assignment here was of proceeds, not of the right of action itself. That distinction, however, is not persuasive. As pointed out above, the thing that was transferred was the right to receive those proceeds, whatever they turned out to be, and that is a thing separate and distinct from the proceeds themselves. This court, therefore, finds that the transfer of the right to these proceeds occurred when the assignment was made, or, at the latest, at the time of its recordation. Thus, the transfer took place outside the ninety day preference period provided by section 547 of the Code for non-insiders.

Leevac also argues that there is a material issue of fact for trial in that Mid-South may have been an insider of the debtor within the meaning of Section 547(b)(4)(B), thus expanding the preference period to one year. Leevac asserts that discovery is needed to determine if Mid-South knew of the debtor's insolvency and if Mid-South "acted as an insider" during the relevant time periods. The Bankruptcy Code, however, provides for a one year preference period "if such creditor at the time of such transfer was an insider". 11 U.S.C. § 547(b)(4)(B). The Code also specifically defines an "insider" as follows:

(28) "Insider" includes

(B) if the debtor is a corporation

(i) director of the debtor;

(ii) officer of the debtor;

(iii) person in control of the debtor;

(iv) partnership in which the debtor is a general partner;

(v) general partner of the debtor; or

(vi) relative of a general partner, director, officer, or person in control of the debtor;

11 U.S.C. § 101(28)(B).

■ This court has seen no indication whatever that Mid-South fits into any of the above definitions of insiders. Mid-South's relationship with the debtor was as a lessor of vehicles, and then as a judgment creditor. Rule 56 of the Federal Rules of Civil Procedure provides for summary judgment unless the existence of a *material* issue of fact for trial is shown. It is not the purpose of that provision in Rule 56 to preserve purely speculative issues of fact for trial. Summary judgment should not be denied merely because the appearance of a dispute is created. *Watson v. Southern R. Co.,* 420 F.Supp. 483 (D.S.C.1975). Unsubstantiated and conclusory allegations are insufficient to preclude summary judgment. *Mitchell v. General Electric Co.,* 689 F.2d 877 (9th Cir.1982). This court is therefore not convinced that Mid-South's barely possible insider status constitutes a material issue of fact so as to preclude summary judgment.

## Conclusion

Summary judgment will be granted to Mid-South, awarding it those funds deposited in the registry of the court by United General. A judgment consistent with this opinion will be signed upon submission.