**IT IS SO RECOMMENDED AND CERTIFIED,** this 14th day of November, 2013.

Cynthia F. CHESNUT, Plaintiff,

v.

**ETHAN ALLEN RETAIL, INC.,** Defendant.

Civil Action No. 3:13–cv–112–TCB.

United States District Court,
N.D. Georgia,
Newnan Division.

Signed May 1, 2014.

Harlan Stuart Miller, III, Parks Chesin & Walbert, P.C., Atlanta, GA, for Plaintiff.

Michelle E. Shivers, Wesley Earl Stockard, Littler Mendelson, P.C., Atlanta, GA, for Defendant.

## ORDER

TIMOTHY C. BATTEN, SR., District Judge.

Before the Court is Plaintiff Cynthia Chesnut's motion for reconsideration [17].

## I. Background

In July 2013, Chesnut initiated this disability-discrimination action against Defendant Ethan Allen Retail, Inc. under the Americans with Disabilities Act. Specifically, she alleged that the retailer terminated her "based on her disability and/or record of disability, and/or perceived disability." And according to the complaint, "[Chesnut] timely filed charges of disability [sic] with the U.S. Equal Employment Opportunity Commission ("EEOC") within 180 days of her termination (Chg. No. 410–2013–0028)."

Ethan Allen moved to dismiss Chesnut's complaint, arguing that she failed to timely file her charge of discrimination with the EEOC. As proof, the retailer submitted a copy of her charge, which was filed 213 days after her termination.

Chesnut opposed this motion on several grounds. First, she argued that the Court could not consider any documents outside the complaint without converting Ethan Allen's motion to dismiss to one for summary judgment and providing the parties additional time to submit any relevant evidence and arguments. Then noting that she had yet to receive a copy of the EEOC documents regarding the investigation of her charge of discrimination that she had requested, she sought to "invoke Fed. R.Civ.P. 56(f) to enable her to gather the evidence necessary to respond to [Ethan Allen's] motion to dismiss."

Second, Chesnut argued that her charge of discrimination was timely because the EEOC intake questionnaire—submitted 150 days after her termination—constituted a "charge" in light of the Supreme Court's decision in *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 128 S.Ct. 1147, 170 L.Ed.2d 10 (2008). And even if it did not (since it was not verified), she seemed to suggest that her later-filed charge cured this technical defect.

Finally, Chesnut requested leave to amend her complaint to add allegations regarding the intake questionnaire in order to address any pleading deficiencies that might exist. Along with her response, she filed a copy of her intake questionnaire.

Ethan Allen replied, arguing that (1) Chesnut's conversion argument failed and additional discovery was not required; (2) Chesnut's intake questionnaire was not submitted within 180 days of the discriminatory acts alleged therein and was thus itself untimely; (3) Chesnut's late-filed charge of discrimination did not cure the defects in the intake questionnaire; and (4) Chesnut need not be given a chance to amend her complaint because any amendment would be futile.

Ethan Allen's motion to dismiss was granted. In so doing, the Court concluded that:

(1) Chesnut's conversion argument failed because her intake questionnaire and charge of discrimination were central to her disability claim

and their authenticity was not challenged;

(2) Chesnut's charge of discrimination was untimely;

(3) Chesnut's intake questionnaire was not a "charge" under 42 U.S.C. § 2000e–5(b) because it was not verified;

(4) Chesnut's charge of discrimination did not relate back to and amend her intake questionnaire because the alleged discriminatory acts in these documents were distinct; and

(5) Chesnut's intake questionnaire was untimely because the discriminatory acts alleged therein occurred more than 180 days before it was filed.

*See Chesnut v. Ethan Allen Retail, Inc.,* 971 F.Supp.2d 1223 *passim* (N.D.Ga.2013).

On the day that the order dismissing Chesnut's complaint was entered, the EEOC responded to her document request. After reviewing her EEOC file, Chesnut contends:

> (1) the Agency understood and investigated [her intake] questionnaire as alleging a claim for discriminatory discharge; (2) the allegations contained in the [charge of discrimination] were, in the words of the EEOC, a "summary" of the allegations contained in the [intake] questionnaire, and therefore arose from, related to, amplified on, and clarified the earlier allegations; [and] (3) the discriminatory discharge claim was properly included in [her] complaint.

Based primarily on these contentions, Chesnut moves for reconsideration of the order dismissing her complaint. In a lengthy response Ethan Allen argues that reconsideration is not warranted. Chesnut did not reply to Ethan Allen's arguments.

## II. Legal Standard

Because Chesnut's motion for reconsideration was filed within twenty-eight days of the order dismissing her complaint, her motion is governed by Federal Rule of Civil Procedure 59(e) and Local Rule 7.2E.

■ Courts may grant relief under Rule 59(e) or Local Rule 7.2E only if the moving party clears a high hurdle. Indeed, the only grounds for relief under Rule 59(e) are the discovery of new evidence or the existence of a manifest error of law or fact. *Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir.2007). Similarly, Local Rule 7.2E provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary," and relief is appropriate only if there is a discovery of new evidence, an intervening development or change in the controlling law, or a need to correct a clear error or manifest injustice. *Pediatric Med. Devices, Inc. v. Ind. Mills & Mfg., Inc.,* 961 F.Supp.2d 1241, 1243 (N.D.Ga. 2013).

■ Importantly, a motion for reconsideration is not a substitute for an appeal. *See Jacobs v. Tempur–Pedic Int'l, Inc.,* 626 F.3d 1327, 1344 (11th Cir.2010) (holding that "absent a manifest error of law or fact," the remedy for an unfavorable ruling was to appeal). For this reason, neither Rule 59(e) nor Local Rule 7.2E affords a dissatisfied party an opportunity to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment," *Michael Linet, Inc. v. Village of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir.2005), "introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind," *Brogdon v. Nat'l Healthcare Corp.,* 103 F.Supp.2d 1322, 1338 (N.D.Ga.2000).

## III. Discussion

Chesnut claims that the conclusions regarding the timeliness of her EEOC filings constitute "clear error" that, if left uncorrected, will result in "manifest injustice." At bottom, her argument rests on the following:

(1) her discovery request related to her EEOC file was wrongly denied;

(2) from the beginning, the EEOC understood her intake questionnaire to present a discharge claim, as evidenced by the October 12, 2012 letter that the agency sent Ethan Allen;

(3) the EEOC actually investigated her discriminatory-discharge claim, so she could file a judicial complaint about discharge;

(4) her charge of discrimination perfected the intake questionnaire; and

(5) the plain language of 29 C.F.R. § 1601.12(b) renders the conclusion that her late-filed charge did not relate back to and amend her intake questionnaire clear error.

Chesnut is wrong, and her motion for reconsideration will thus be denied.

### A. The Denial of Chesnut's Discovery Request Was Not Clearly Erroneous

■ In a footnote in her motion for reconsideration, Chesnut takes issue with the denial of her discovery request regarding her EEOC file. As for why denying this request was erroneous, she never says. In any event, because her request was denied *sub silentio,* an explanation will help round out the record.

In her brief in opposition to Ethan Allen's motion to dismiss, Chesnut argued that the motion had to be converted to one for summary judgment in order to consider two documents outside of her complaint: her intake questionnaire and charge of discrimination. Her discovery request followed from this argument. Indeed, she purported to "invoke Fed.R.Civ.P. 56(f)" as support for her request. After rejecting her conversion argument because these documents were central to her disability claim and their authenticity was not challenged, the Court denied her discovery request *sub silentio. See Chesnut,* 971 F.Supp.2d at 1227–29.

For two reasons, the denial of Chesnut's discovery request was proper. First, having rejected her conversion argument, Rule 56(d)[1] no longer provided any support for her request. Second, the law is well established that parties seeking shelter under Rule 56(d) "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts"; instead, they must specifically explain how granting their request will allow them to oppose the motion. *Wallace v. Brownell Pontiac–GMC Co.,* 703 F.2d 525, 527 (11th Cir.1983) (quoting *SEC v. Spence & Green Chem. Co.,* 612 F.2d 896, 901 (5th Cir.1980)). Chesnut's opposition brief, however, was devoid of any such explanation. Thus, the denial of her discovery request was not clearly erroneous.

### B. Chesnut's EEOC File Does Not Constitute Newly Discovered Evidence

■ In her motion for reconsideration, Chesnut never argues that the EEOC file constitutes newly discovered evidence. She seems to take this as a given (perhaps because the EEOC responded to her re-

---

1. When the Federal Rules of Civil Procedure were amended in 2010, the substantive provisions of subdivision (f) were moved to subdivi-

sion (d). *See* Fed.R.Civ.P. 56 advisory committee's note to the 2010 amendments.

quest on the day that the order dismissing her complaint was entered). Whatever the reason, the issue is whether her EEOC file is "newly discovered evidence" for reconsideration purposes.

■ The Eleventh Circuit is clear that "newly discovered evidence" for purposes of Rule 59(e) is evidence that could not have been presented before the judgment was entered. *Michael Linet*, 408 F.3d at 763. Here, Chesnut contends that her EEOC file establishes that "(1) the Agency understood and investigated [her intake] questionnaire as alleging a claim for discriminatory discharge; [and] (2) the allegations contained in the [charge of discrimination] were, in the words of the EEOC, a "summary" of the allegations contained in the [intake] questionnaire." [2] The pertinent question therefore is whether Chesnut could have presented this same information before she received her EEOC file. The record establishes that she could have.

In support of her motion for reconsideration, Chesnut attaches several documents.[3] One such document is a copy of the November 16, 2012 letter that the EEOC sent to her. That letter explains (1) the EEOC had attached multiple copies of a charge of discrimination representing "a summary of [her] claims based on the information [she] provided"; (2) "the document [she] submitted constitutes a charge of employment discrimination"; and (3) be-

fore the EEOC could investigate her claim, she had to return several signed copies of her charge. As a result, even without her EEOC file, Chesnut had access to the information that she claims supports her motion for reconsideration; thus, she could have presented this information in her brief in opposition to Ethan Allen's motion to dismiss.

Accordingly, Chesnut has not established that the EEOC file constitutes newly discovered evidence. *See id.* And because this evidence was available to her at the time that she filed her brief in opposition to Ethan Allen's motion to dismiss, she cannot now relitigate the dismissal of her complaint based on arguments related to this evidence. *See Arthur*, 500 F.3d at 1343; *Michael Linet*, 408 F.3d at 763; *Brogdon*, 103 F.Supp.2d at 1338.

### C. The Conclusion That Chesnut's Charge of Discrimination Does Not Relate Back to and Amend Her Intake Questionnaire Was Not Clearly Erroneous

■ Chesnut contends that her late-filed charge of discrimination perfected the defect in her intake questionnaire (lack of verification) and that the Court's contrary conclusion was clear error. She faults the Court for adopting Ethan Allen's suggestion that for her charge of discrimination to "relate back," it had to "amplify" or "clarify" the intake questionnaire.[4] In her

---

**2.** In a footnote, Chesnut makes a similar point. She contends that her EEOC file verifies that "(1) the EEOC actually understood, treated, and investigated [her intake] questionnaire as presenting a claim for discriminatory DISCHARGE; [and] (2) [Ethan Allen] was aware during the investigation that [she] was asserting a claim of discriminatory discharge, and in fact responded thereto." Even though both facts are presumably relevant, Chesnut ever attempts to explain the relevance of Ethan Allen's knowledge that she

was asserting a discriminatory-discharge claim.

**3.** Chesnut never asserts that she first received access to these documents as part of her EEOC file.

**4.** At numerous points in her motion for reconsideration, Chesnut underscores that the Court either credited or appeared to credit arguments that Ethan Allen raised for the first time in its reply brief—arguments to which she did not have an opportunity to respond.

view, such a requirement is at odds with 29 C.F.R. § 1601.12(b):

> A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received.

Then, without any argument, she concludes that her charge served to cure her failure to verify the intake questionnaire.

In the alternative, Chesnut contends that a comparison of her intake questionnaire and verified charge make clear that her charge of discrimination "did 'clarify' and 'amplify' the original charge, and did 'grow out of the subject matter of the original charge.' " She notes that the intake questionnaire listed her date quit/terminated as April 30, 2012, and her charge states that she submitted her resignation letter on April 30, 2012, and was terminated the next day. She also points out that her intake questionnaire identifies her February 21, 2012 negative performance evaluation as a discriminatory act that was "designed to manage for purposes of dismissal," and her charge states that she was discharged on May 1, 2012. "Quite clearly," she concludes, "the allegations contained in the . . . verified charge were 'like' or 'related' to the claims contained in the [intake] questionnaire."

█ Neither contention constitutes a ground for reconsideration. First, because Ethan Allen particularly denied that Chesnut satisfied a condition precedent to suit—the timely filing of a charge of discrimination with the EEOC—Chesnut bore the burden of proof on the timeliness issue.[5] *See Maynard v. Pneumatic Prods.*

---

Yet despite repeatedly making this point, she never argues that the consideration of these arguments was clearly erroneous. Nor was it.

Ethan Allen's reply brief was consistent with its opening brief: the principal argument of both briefs was that Chesnut did not timely file a charge of discrimination. To support this proposition, however, Ethan Allen advanced different versions of this argument in its opening and reply briefs. But that should hardly have come as a surprise to Chesnut, who first raised the issue of her intake questionnaire in her opposition brief. The complaint only referenced her charge of discrimination—which she alleged was timely filed with the EEOC.

To be sure, Chesnut did not have to mention the intake questionnaire in her complaint. *See* FED.R.CIV.P. 9(c) (providing that all conditions precedent may be pleaded generally). But once she made timeliness arguments based on her intake questionnaire, Ethan Allen was permitted to reply to those arguments. And the Court was permitted to consider Ethan Allen's arguments because they are merely a variation on the theme of its opening brief.

Also, Federal Rule of Civil Procedure 9(c) helps explain the denial of Chesnut's request to amend her complaint to include allegations about her intake questionnaire. Under Rule 9(c), she could plead the satisfaction of all conditions precedent generally, which she did; thus, her complaint was not dismissed as inadequately pleaded. On the contrary, it was dismissed because her late-filed charge did not relate back to and amend her intake questionnaire and because her intake questionnaire was untimely as to the discrete discriminatory acts alleged therein. As a result, any amendment to her complaint would have been futile.

5. In this circuit, defendants may deny a condition precedent in a motion to dismiss (rather than an answer) as long as they meet Rule 9(c)'s particularity requirement. *See, e.g., EEOC v. Klingler Elec. Corp.*, 636 F.2d 104, 107 (5th Cir. Unit A 1981) (holding that "it was appropriate for the district court to inquire into the adequacy of the [condition precedent]" even though the defendant raised the issue with particularity in a motion to dismiss filed in lieu of an answer); *see also Associated Mech. Contractors, Inc. v. Martin*

*Corp.,* 256 F.3d 1259, 1262 (11th Cir.2001) ("An ADA plaintiff has the burden of proving all conditions precedent to filing suit, including the condition that [s]he timely filed with the EEOC."). To meet this burden, Chesnut chose to rely on an overbroad reading of *Federal Express Corp. v. Holowecki,* 552 U.S. 389, 128 S.Ct. 1147, 170 L.Ed.2d 10 (2008), and conclusory statements that her charge of discrimination related back to and amended her intake questionnaire. Neither approach succeeded.

Chesnut now seeks reconsideration of the timeliness issue based on conclusory assertions of clear error or, in the alternative, tenuous shared references in her intake questionnaire and late-filed charge. These arguments, however, could have been raised in her brief in opposition to Ethan Allen's motion to dismiss but were not. As a result, her attempt to relitigate the timeliness issue based on these arguments falls flat. *See Arthur,* 500 F.3d at 1343; *Michael Linet,* 408 F.3d at 763; *Brogdon,* 103 F.Supp.2d at 1338.

Indeed, the Eleventh Circuit recently reached this same conclusion in a case involving a motion for relief from judgment under Federal Rule of Civil Procedure 60(b):

> "Rule 60 was not intended to relieve counsel of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise." . . . It is not an abuse of discretion for the district court to deny a motion under Rule 60(b) when that mo-

tion is premised upon an argument that the movant could have, but did not, advance before the district court entered judgment. Nor is it an abuse of discretion for the district court to deny a motion under Rule 60(b) when the judgment or order from which the movant seeks relief was entered as a result of the movant's choice to rely on an unsuccessful legal theory.

*Maradiaga v. United States,* 679 F.3d 1286, 1294 (11th Cir.2012) (internal citations omitted).

Second, the conclusion that Chesnut's charge of discrimination does not relate back to and amend her intake questionnaire was not clearly erroneous. For starters, contrary to her contention, the Court did not hold that her late-filed charge relates back only if it clarifies or amplifies her intake questionnaire. In fact, the Court recognized that "charges may be amended to clarify or amplify the allegations therein *or* to cure technical defects or omissions, such as failure to verify the charge." *Chesnut,* 971 F.Supp.2d at 1229 (emphasis added) (citing 29 C.F.R. § 1601.12(b)).

To be sure, the Court's analysis focused on whether Chesnut's late-filed charge clarified and amended the allegations in her intake questionnaire—a reasonable approach under the circumstances. This is because after carefully reviewing her intake questionnaire and her late-filed charge, the Court determined that the discrete discriminatory acts alleged in each document were different in kind.[6] Hence,

---

*K. Eby Constr. Co.,* 271 F.3d 1309, 1317 (11th Cir.2001) ("The specific denial of performance of conditions precedent may be raised by motion as well as by answer.").

**6.** *See Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 110–15, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002) (discussing the difference between "[d]iscrete acts such as termination,

failure to promote, denial of transfer, or refusal to hire"—the category of discriminatory acts into which an improper demotion and a negative performance evaluation would fall—and hostile-work-environment claims, which by their very nature involve repeated conduct).

her late-filed charge was not a purely curative amendment, and analyzing whether it clarified or amplified the allegations in her intake questionnaire was not clearly erroneous. Nor was the conclusion that her late-filed · charge did not amplify or clarify her intake questionnaire given the differences between the allegations of discrimination in these documents.[7]

### D. The Conclusion That Chesnut's Intake Questionnaire Was Untimely as to the Discriminatory Acts Alleged Therein Was Not Clearly Erroneous

Chesnut never directly addresses this alternative basis for the dismissal of her complaint. Nor does she dispute that the discrete discriminatory acts specifically alleged in the intake questionnaire—a negative performance evaluation and improper demotion—occurred more than 180 days before her she filed that questionnaire. Instead, she seems to rely solely on the fact that the EEOC treated her intake questionnaire as presenting a discharge claim. Of course, she could have, but did not, present this argument in her brief in opposition to Ethan Allen's motion to dismiss. Thus, the Court declines to consider it for the first time as part of her motion for reconsideration.

## IV. Conclusion

Chesnut's motion for reconsideration [17] is DENIED.

---

**7.** Even after considering Chesnut's alternative argument, which she makes for the first time in her motion for reconsideration, the Court is unpersuaded that the tenuous connections she identifies support a finding of clear error.